413 So.2d 737 (1982)
Roy Lee RIDDLE
v.
STATE of Mississippi.
No. 53166.
Supreme Court of Mississippi.
May 5, 1982.
Louis Fondren, Pascagoula, Darnell L. Nicovich, Biloxi, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, WALKER and DAN M. LEE, JJ.
WALKER, Justice, for the Court:
Roy Lee Riddle was indicted for the kidnap and rape of an eight year old female child, and for the burglary at night of the dwelling within which the child was sleeping. The defendant was tried in the Circuit Court of Jackson County before a jury which found Riddle guilty of all three charges. The cases were consolidated and tried together by agreement. The trial court found that the defendant was an habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 1981), and sentenced the defendant to life imprisonment and held that he was ineligible for parole. From this conviction, Riddle assigns, inter alia, the following:
1. The habitual offender statute was inappropriately applied.
2. The verdict of the jury is against the overwhelming weight of the evidence, and that the identification of Riddle by the prosecutrix was highly suspect.
3. The court erred in failing to permit newly obtained evidence to be presented to the jury.

I
The state has acknowledged that the habitual offender statute, Mississippi Code Annotated section 99-19-81 (Supp. 1981), was inappropriately applied in the present case since there was insufficient proof that the defendant had been "convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times." In the present case, the only previous crimes shown to have been committed by Riddle were crimes which arose out of a single incident. Therefore, this Court must remand the present case for resentencing since the habitual offender statute was inappropriately applied.

II
The fact that the prosecutrix was abducted and raped is not seriously questioned. The testimony established that the prosecutrix was asleep in her family's trailer on the evening of September 11, 1980. She awoke to find a white male in bed with her who then put his hands over her mouth and took her from the trailer. The prosecutrix was driven in her assailant's car to an unknown location, where the assailant raped her.[1] Thereafter, the child was dropped off by the assailant, and she went to a nearby home and found someone to return her to her mother. She was then taken to the hospital where an examination showed that she had been sexually assaulted. The main contention by the defendant on this appeal is that the evidence does not establish that he perpetrated the crime against the prosecutrix.
The prosecutrix gave a description of her assailant and identified the defendant as the assailant on four occasions: from a photographic lineup immediately after the rape occurred, upon confrontation at two preliminary hearings, and in court during the trial of the defendant. Although the *739 prosecutrix was able to identify Riddle on all these occasions, the prosecutrix did so in an equivocal manner. However, even if this Court were to discount these identifications, other evidence was sufficient to establish that the defendant was the perpetrator of the crime.
The defendant was seen by police officers in the area in which the prosecutrix lived during the evening on which the crime was committed. The defendant approached the officers at a convenience store, identified himself as Riddle, and inquired about trailer parks in the area, stating that he was trying to locate his sister. The store was immediately adjacent to the park within which the prosecutrix and her family lived, and also, the defendant had no sister living in the immediate area. Riddle was, according to officers, wearing blue gym shorts and a light blue T-shirt, which were later found in the defendant's apartment and entered into evidence. Also, officers noticed a black and white puppy in Riddle's car.
Friends of Riddle testified that Riddle was in fact wearing a light colored T-shirt and blue gym shorts on the evening in question and positively identified the gym shorts in evidence. Furthermore, Riddle and his friends had been drinking that day and had gone to a local bar. These friends stated that they were unable to account for Riddle for the entire evening and they specifically noted his absence from the barroom during the latter part of the evening.
The prosecutrix described her assailant as a large person with blonde hair and a mustache, who was wearing blue gym shorts and a T-shirt. He took off these clothes just prior to his sexual assault of her. The prosecutrix identified the gym shorts which had been placed in evidence as the shorts her assailant had worn when he abducted her and just prior to his sexual assault of her.
The prosecutrix further testified that she defecated while her assailant was attempting to sexually assault her. Fecal material was discovered on panties of the prosecutrix, and also on the gym shorts identified by all witnesses as the shorts that were worn by Riddle on the evening in question.
Furthermore, friends of the defendant, as well as police officers, saw Riddle with a small black and white puppy, which he had borrowed from a friend during the afternoon of September 11. The prosecutrix testified that a small black and white puppy was in the car of her assailant, and Riddle's landlady testified that a small black and white puppy was in Riddle's apartment the day of his arrest, September 12.
Lastly, upon arrest, Riddle stated that he was with his wife during the evening in question. In fact, it was discovered by police officers, that Riddle was divorced from his wife and that she had been living in California for some period of time. Riddle, after he was confronted with this information, stated that he had not been truthful and that in actuality he was on drugs and alcohol and passed out at a local bar. Riddle told officers that when he awoke his car was missing and had been taken by friends. The friends of the defendant, who were with him that evening, denied that Riddle passed out and denied that they had taken his car. The defendant also told officers that afterwards he walked home and found a black and white puppy tied to his door knob, which was contradicted by the testimony of others.
The identification of Riddle as the assailant by the prosecutrix is consistent with other circumstances and conditions shown by the evidence pointing to Riddle's guilt. The jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. Where, as here, the jury convicts a defendant upon the testimony of a prosecutrix which is supported by other evidence, we have held that such conviction is not against the overwhelming weight of the evidence. Boyd v. State, 189 Miss. 609, 198 So. 561 (1940).

III
After both the state and the defense announced that they would rest, and after the jury was duly instructed by the trial *740 judge, and still in deliberation, defense counsel announced that they had become aware of what is termed "newly discovered" evidence. This "evidence" was obtained from the nine year old victim by Mary Ann Epps, one of appellant's witnesses, when this witness encountered the child alone outside a rest room. Epps obtained from her at that time an alleged description of the car of her assailant, which differed from the description which she and the police officers had earlier given into evidence. Epps had the victim write on a piece of paper that her assailant had a four-door dark blue car. Riddle's car was a two-door lime-green Nova. The court, after reviewing Epps' testimony and the testimony of others as to the circumstances under which it had been procured and relating thereto, stated that he felt that this evidence was not sufficient to require that a mistrial be entered or a new trial granted. The trial judge stated that he felt that this note was the result of suggestions to the prosecutrix that she write down the different description, and that, in fact, a close question was presented as to whether there had been an improper tampering with the witness. Therefore, the trial judge did not abuse his judicial discretion in overruling the defendant's motion for a new trial which was based on the newly discovered evidence.
This Court in Peeples v. State, 218 So.2d 436 (Miss. 1969), stated the following:
[T]he fact that a witness changes his testimony after the trial is not alone an adequate ground for granting a new trial or a writ of error coram nobis. Dolan v. State, 195 Miss. 154, 13 So.2d 925 (1943) [The witnesses subsequently retracted their statements]; Powers v. State, 168 Miss. 541, 151 So. 730 (1933); Carraway v. State, 167 Miss. 390, 148 So. 340 (1933). A writ of error coram nobis will only issue in cases such as the one at bar when the prosecuting officials knowingly use perjured testimony to obtain a conviction. Dolan v. State, supra. A trial court has wide discretion in granting new trials and may consider all the relevant facts in reaching its decision. King v. State, 254 Miss. 917, 183 So.2d 494 (1966) and Blade v. State, 240 Miss. 183, 126 So.2d 278 (1961). A court will usually deny a new trial based on recanting testimony where it is not fully satisfied regarding the truthfulness of the testimony. The determination should be left to the sound discretion of the trial court and should not be set aside unless clearly erroneous. Recanting testimony has been shown to be extremely unreliable and should be approached with suspicion. A meticulous study of the record and briefs convinces us that the trial judge was amply justified in refusing to accept the veracity of the altered testimony. (218 So.2d at 438-439).
We are unable to say that the trial court erred in overruling appellant's motion for a new trial under the circumstances presented by this record.
There being no other assignments of error which are meritorious, we affirm the conviction of Riddle as to rape, kidnapping and burglary. However, we remand the case for resentencing since the habitual offender's statute was inappropriately applied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] Mississippi Code Annotated section 97-3-65 (Supp. 1981) provides: "... In all cases where the female child is under the age of twelve (12) years it shall not be necessary to prove penetration of the female's private parts where it is shown the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her." See Horton v. State, 374 So.2d 764 (Miss. 1979).