423 So.2d 128 (1982)
Rodney CRAWLEY
v.
STATE of Mississippi.
No. 53877.
Supreme Court of Mississippi.
December 8, 1982.
Robert B. Prather, Columbus, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, BROOM and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
The appellant, Rodney Crawley, was indicted in the Circuit Court of Lowndes County, Mississippi, for the crime of burglary and as a habitual criminal. Upon conclusion of trial, the jury entered its verdict of "Guilty as Charged." A presentencing hearing was held in accordance with Rule 6:04 of the Mississippi Uniform Criminal Rules of Circuit Court Practice.[1] Certified copies of prior convictions of appellant in Lowndes County, Mississippi, both on charges of burglary, were introduced. In Cause No. 6750 he was sentenced to three years in the Mississippi Department of Corrections and in Cause No. 7055 he was sentenced to a five-year term. Appellant, introducing no evidence to contradict the prior convictions, was sentenced as a habitual criminal pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 1982) to a term of seven years with the Mississippi Department of Corrections.
Having perfected his appeal to this Court, appellant asserts the lower court erred in sentencing him as a habitual criminal. He does not assign error in the guilt phase of the trial.
Appellant contends that section 99-19-81 cannot be applied to enhance one's punishment on account of a former conviction unless the offense for which he is on trial was committed after the conviction of the prior offense. The offense for which he was charged in Cause No. 7055 was committed on the same day as the offense in the present trial which was Cause No. 7221. In support of his argument he has cited several cases from our sister state of Florida, which are inapplicable for obvious conflicts *129 between the Florida statute dealing with sentencing of habitual criminals and section 99-19-81. The case of Gonzalez v. United States, 224 F.2d 431 (5th Cir.1955) cited by appellant is also clearly distinguishable.
The statute under which appellant was sentenced as a habitual criminal clearly states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (Emphasis added).
If, indeed, our legislature intended that the third offense take place after conviction of two previous offenses the language would have been explicit as it is under Mississippi Code Annotated section 97-31-27 (1972)[2] dealing with intoxicating beverage offenses and conviction.
We are of the opinion that appellant was properly indicted as a habitual criminal pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 1982).[3] At the time he was sentenced in the case sub judice, he had been twice previously convicted of burglary and sentenced to terms of more than one year for each conviction. Although one of the previous offenses occurred on the same day as the one included in the present case, it was separately brought and arose out of a separate incident which occurred at a different time of day which brings it clearly within the statute.
Therefore, the judgment and conviction are affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., took no part.
NOTES
[1] Mississippi Uniform Criminal Rules of Circuit Court Practice, Rule 6:04, 370-374 So.2d at LXXVIII (Miss. 1979).
[2] The pertinent part of the statute states: "(c) By imprisonment in the state penitentiary not less than one year nor more than five years for conviction the third time under this section for the violation thereof after having been twice convicted of its violation." (Emphasis added).
[3] See also Yates v. State, 396 So.2d 629 (Miss. 1981); Jordan v. State, 383 So.2d 495 (Miss. 1980).