493 So.2d 1325 (1986)
Billy Charles BURT
v.
STATE of Mississippi.
No. 56064.
Supreme Court of Mississippi.
September 10, 1986.
H. Lee Bailey, Jr., Bailey & Bailey, Winona, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC:

ON PETITION FOR REHEARING
The opinion rendered in this cause on June 11, 1986, is hereby withdrawn, and the following is substituted as the opinion of the Court. However, only one part of *1326 the opinion is changed, that is Part VIII. Justice Prather is the author of Parts I-VII of the opinion, and Justice Griffin wrote Part VIII.
PRATHER, Justice, for the Court:
This is a criminal appeal from the Circuit Court of Montgomery County wherein Billy Charles Burt was convicted of uttering a forgery and was sentenced under the habitual criminal statute to a term of fifteen (15) years without parole or probation in the custody of the Mississippi Department of Corrections.
Burt appeals assigning the following errors:
(1) The court erred in allowing into evidence a bank check containing disputed writing before that writing was properly authenticated by the state, and by overruling the appellant's motion for a mistrial;
(2) The court erred in not providing a handwriting expert for appellant;
(3) The court erred in not excluding from petit jury service appellant's relative;
(4) The court erred in admitting into evidence a statement made by the appellant to the sheriff and the allowance of testimony from the sheriff as to the statement subsequent to a suppression hearing;
(5) The court erred in refusing the appellant's motion for a directed verdict based on the amendment of the indictment;
(6) The court erred in not granting the appellant's motion for a peremptory instruction or in not granting a new trial; and
(7) The sentence of the court was cruel and unusual punishment.

I.
On August 15, 1984, Billy Charles Burt made purchases at Winters' Grocery with a counter check drawn on the Duck Hill Bank. The check displayed the forged signature of Clinton Clay and contained the number $35.00 in the space available for the numerical amount. The store clerk, Ora Lee Baker, wrote in the date, "Winters' Grocery," and the amount in words.
Mrs. Baker accepted the check after establishing from the former store owner and the bank that the account was good. However, when the check was processed the bank did not honor it because the signature on the check did not match the signature on the bank's file.
During the trial, Clinton Clay testified that he had not signed the check, and had not authorized Burt to use his name. But Claudine Donald, Clay's daughter and Burt's girlfriend, testified that the signature was her father's. Robert Tompkins, Sheriff of Montgomery County, testified, over the objections of the appellant, that the appellant said he "did it all by himself."
From a guilty verdict the defendant appeals.

II.

Did the lower court err in allowing into evidence a bank check containing disputed writing before that writing was properly authenticated by the state, and by overruling the appellant's motion for a mistrial?
In Shearer v. State, 423 So.2d 824, 826 (Miss. 1982), this Court reiterated its ruling in Page v. State, 295 So.2d 279 (Miss. 1974) that: "A trial judge enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence. Unless his judicial discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling."
The check was not shown to the jury until after all writings thereon were authenticated. The order of admittance was not an abuse of the judge's discretion nor was it prejudicial to the appellant. Therefore the court was not in error in admitting the check with reservation or in overruling the motion for mistrial.

III.

Did the lower court err in not providing a handwriting expert for appellant?
*1327 The same issue was before the United States Supreme Court in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In Caldwell, the decision of this Court was reversed on the basis of improper arguments made by the district attorney, not on the question here involved.
This Court observed in Johnson v. State, 476 So.2d 1195, 1202-1203 (Miss. 1985):
[The United States Supreme Court left] undisturbed our holding that the Constitution does not require a State to furnish an indigent defendant with expert or investigative assistance upon demand. We recognize that the doctrine of fundamental fairness, guaranteed by the Due Process Clause of the Constitution, at times requires authorization for appointment of a particular expert or investigator. Ruffin v. State, 447 So.2d 113 (Miss. 1984), stated Mississippi's position on the question as follows:
That there can conceivably be instances when the state in fairness should be required to pay the cost of an expert needed by the defense to insure a fair trial for an indigent accused must be conceded. Those cases can only be left to the discretion of the trial court, and they will be rare.
"Whether the denial of expert assistance for an accused is prejudicial to the assurance of a fair trial must be weighed on a case-by-case basis." Johnson, 476 So.2d at 1203; Davis v. State, 374 So.2d 1293 (Miss. 1979).
There is nothing in the record that suggests that the appellant in the case sub judice was prejudiced to the point of warranting a new trial. Therefore, the lower court was not in error in denying the appellant's request for an appointed handwriting expert.

IV.

Did the lower court err in excluding from petit jury service appellant's relative?
Here the appellant charges that the trial court should not have excluded for cause his double first cousin, with whom he had discussed the case prior to trial, despite the juror's testimony that she could still be fair and impartial.
It is well founded that the trial judge has the discretion to excuse potential jurors for cause if the court believes the juror could not try the case impartially. Miss. Code Ann. § 13-5-79 (1972); Gilliard v. State, 428 So.2d 576 (Miss. 1983).
The lower court correctly used its discretion in excluding the potential juror.

V.

Did the lower court err in admitting into evidence a statement made by the appellant to the sheriff and allowing testimony from the sheriff as to the statement subsequent to a suppression hearing?
The appellant argues that his statement was neither voluntary nor given under the provisions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The appellant also challenges the propriety of the questions and answer exchanged in open court as to the appellant's statement subsequent to a suppression hearing on the matter.
First, as to the voluntariness of the statement, the rules are set out in Jones v. State, 461 So.2d 686, 696-697 (Miss. 1984):
The mere giving of the Miranda warnings, no matter how meticulous, no matter how often repeated, does not render admissible any inculpatory statement thereafter given by the accused. The giving of the warnings is only the first step. To render the statement admissible the State must take the second step and prove that the rights of which the accused has been Miranda-warned were thereafter waived  intelligently, knowingly and voluntarily. Neal v. State, 451 So.2d 743, 753 (Miss. 1984).
Applying the Jones case to the case sub judice, we find that the evidence shows that the statement made was properly admitted. The State proved with testimony by the sheriff that the Miranda warnings were given, that they were understood, and *1328 that the statement was voluntary. All three elements were proved beyond a reasonable doubt.
The trial court determined the statement was admissible, and the jury obviously gave it weight. The trial court was correct in allowing the introduction of the statement and the testimony of the sheriff.

VI.

Did the lower court err in refusing the appellant's motion for a directed verdict based on the amendment of the indictment?
The indictment read that Ora Lee Baker was an agent of Ella Jean Winters d/b/a Winters' Grocery. In testimony before the court it was established that Ora Lee Baker was actually a part owner, not just an agent and employee of Winters' Grocery. That error was corrected by the court on a motion to amend by the state after the state had rested its case.
Miss. Code Ann. § 99-17-13 (1972) provides:
Whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the ... ownership of any property named or described therein, or in the description of any property or thing, it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof ... (Emphasis added).
In the instant case no prejudice was shown. The amendment was one of form, not of substance. Overruling the motion for a directed verdict was proper.

VII.

Did the lower court err in denying the appellant's motion for a peremptory instruction or in denying a new trial?
This Court recently held in Edwards v. State, 469 So.2d 68 (Miss. 1985):
Where a defendant in a criminal prosecution has requested a peremptory instruction or moved for judgment notwithstanding the verdict, each element of the offense is tested for evidentiary sufficiency. In such a setting, the trial court must consider all of the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. May v. State, 460 So.2d 778, 781 (Miss. 1984). The State must be given the benefit of all favorable inferences that may reasonably be drawn from objective facts established by the evidence. Glass v. State, 278 So.2d 384, 386 (Miss. 1973).
.....
If there is substantial evidence opposed to the motion ... the motion should be denied.
In the case sub judice, the sheriff testified the appellant admitted "he had done it all." Ora Lee Baker testified she received the check from the appellant and Linda Bennett testified that she knew that the signature on the check did not match the bank's record of Clinton Clay's signature. Furthermore, Clinton Clay testified the signature on the check was not his.
Taking the evidence in the light most favorable to the state, there was clearly substantial evidence to justify denying the peremptory instruction.
As to the denial of a motion for a new trial, this Court enunciated the rule in Pharr v. State, 465 So.2d 294, 302 (Miss. 1984):
Under our established case law, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence. May v. State, 460 So.2d 778, 781 (Miss. 1984); Pearson v. State, 428 So.2d [1361] at 1364 [(Miss. 1983)].
In the case sub judice the motion for a new trial was properly denied.

*1329 VIII.
GRIFFIN, Justice, for the court:
Was the sentence of the lower court in accordance with Miss. Code Ann. § 97-21-33 (1972) and § 99-19-81 (Supp. 1985), and, if so, did it constitute cruel and unusual punishment?
We now hold that the sentence was proper and in accordance with the appropriate statute. The defendant in the present case was indicted as a recidivist. Upon a proper showing of two prior felony convictions the court was required to sentence him under Miss. Code Ann. § 99-19-81 (Supp. 1985), which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (emphasis added).
The record reveals the following:
(1) Proper Indictment: In this cause, the indictment sets forth both the principal charge, that of Uttering a Forgery, and additionally sets forth two separate convictions of felonies, arising upon separate charges brought and arising out of separate incidents at different times, and that he was sentenced to separate terms of one (1) year or more in a state penal institution.
(2) Nature of Offenses: The indictment shows that in Cause No. 6313, Burt was convicted for the Burglary of a Dwelling House, and that in Cause No. 6314, he was likewise convicted of Burglary of a Dwelling House.
(3) Jurisdiction: The indictment shows that in Cause No. 6313, Burt was convicted in the Circuit Court of Montgomery County, Mississippi; likewise, in Cause No. 6314, Burt was convicted in the Circuit Court of Montgomery County, Mississippi.
(4) Date of Judgment: The indictment shows that in Cause No. 6313, judgment was obtained on October 16, 1980; likewise in Cause No. 6314, judgment was had on October 28, 1980.
(5) Length of Sentence: The indictment shows that in Cause No. 6313, Burt was sentenced to serve a term of three (3) years, with one (1) year suspended; likewise, in Cause No. 6314, he was sentenced to serve a term of three (3) years, with two (2) years suspended, to run consecutively. Both were to be served in the custody of the Mississippi Department of Corrections.
The documents proving all of the above were certified and introduced without objection by the circuit clerk, who incidentally also identified the defendant as the subject of the two prior convictions.
In addition to the documented evidence, the defendant admitted in the trial phase of the case on direct examination that he had been twice convicted of burglary. There appears to be some issue because the two indictments alleged that in Cause No. 6313 in the Circuit Court of Montgomery County, on June 26, 1980, he broke and entered the dwelling house of Hildred Kincaid at Route 1, Duck Hill, Mississippi, and in Cause No. 6314 in the Circuit Court of Montgomery County, on June 26, 1980, he broke into the home of Charlie Booker, Route 1, Duck Hill, Mississippi. The indictment unnecessarily listed Booker as a renter. This is not significant, and avails the defendant nothing because the two indictments list two separate dwellings occupied by two individuals. The claim was against possession and not ownership.
It was not necessary for the state to prove anything more. This was proof beyond a reasonable doubt of two separate crimes, separate charges, separate convictions, with sentences of one year or more in the state penitentiary, arising out of separate incidents.
The facts of this case are not related to crimes where two charges are made out of *1330 the same incident, such as the kidnapping and raping of a child as well as the burglary of the house where she was sleeping, Riddle v. State, 413 So.2d 737 (Miss. 1982) (there all charges arose out of one incident).
In Rushing v. State, 461 So.2d 710 (Miss. 1984), as here, certified copies of Rushing's two prior burglary convictions were introduced. Unlike here, both convictions were on the same date but the crimes were not committed on the same date. Contention was made that the statutory phrase "at different times" refers to the times of prior convictions. The Court, in disposing of the matter, said the following:
It is clear that the statutory phrase "at different times" refers, albeit redundantly, to the incidents giving rise to the previous charges and not to the date of the conviction. This Court's previous cases support such an interpretation. See Crawley v. State, 423 So.2d 128 (Miss. 1982) (where one of previous offenses occurred on the same date as offense charged in indictment but arose out of a separate incident which occurred at a different time of day, section 99-19-81 properly applied); Riddle v. State, 413 So.2d 737 (Miss. 1982) (where only previous crimes committed by defendant were crimes arising out of a single incident, section 99-19-81 could not apply).
In the case sub judice, though both of appellant's convictions occurred on the same day, they arose out of a separate incident occurring at different times. Therefore, the trial court correctly sentenced the appellant under Miss. Code Ann. § 99-19-81. Appellant's argument that the statute does not apply where the convictions, though arising out of separate incidents, occurred on the same day is completely without merit and should be rejected.
461 So.2d at 713.
The record reveals that the defendant was afforded a proper opportunity to present whatever evidence he might have to show that he had not been caught in the clutches of § 99-19-81. Nothing was forthcoming other than the inappropriate argument that the judge could have sentenced him to twelve months. He was convicted for forgery under Mississippi Code Annotated § 97-21-33 (1972):
Persons convicted of forgery shall be punished by imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.
The plain language of § 99-19-81 requires the lower court to impose the maximum sentence. The judge had no discretion. He did listen to argument to that effect and when his interest seemed to be aroused the district attorney stated that the defendant had uttered eight more forgeries on Mr. Clay (the victim here). We interpret this to be nothing more than a statement from the district attorney to bring to the court's attention that this forgery was not an isolated incident, and can find no error as the result of the district attorney's remark which was not objected to.
It is urged on us that this case has some relationship to Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); Whitmore v. Maggio, 742 F.2d 230 (5th Cir.1984); and Presley v. State, 474 So.2d 612 (Miss. 1985). A review of these cases convinces us that any relationship is that of distant cousins and is not persuasive.
To the contrary, it is clear that recidivism was proved under the requisites of the statute, under the requirements of Rule 6.04, Uniform Criminal Rules of Circuit Court Practice, and under the requirements established in the case law of this jurisdiction. Jackson v. State, 381 So.2d 1040 (Miss. 1980); Phillips v. State, 421 So.2d 476 (Miss. 1982).
AFFIRMED.
*1331 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, DAN M. LEE and SULLIVAN, JJ., dissent as to part VIII.
PRATHER, Justice, dissenting as to VIII.
Respectfully dissenting to only Subsection VIII of the majority opinion, it is my view that the sentence should be vacated, and the cause remanded for a new sentencing hearing. In support of this position, I state the following.
Upon conviction of the crime of uttering a forgery, the defendant is sentenced under the applicable sentencing statute, Miss. Code Ann. § 97-21-33 (1972), which provides:
Persons convicted of forgery shall be punished by imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.
Therefore, I concur with the majority that the maximum term of imprisonment in the present case is 15 years in the state penitentiary. However, where the amount involved is less than one hundred dollars, the trial judge may impose a term of not less than twelve (12) months. This decision comes within the judge's discretion and is clearly permitted, but not mandated.
The defendant in the present case was indicted as a recidivist. Upon a proper showing of two prior felony convictions he shall be sentenced under Miss. Code Ann. § 99-19-81 (Supp. 1985) which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. [Emphasis added].
It is my position that in sentencing a recidivist the circuit judge may still exercise discretion when the amount of value is less than one hundred dollars and impose a twelve month imprisonment in the county jail. In other words, there are two maximum terms provided by this statute, and discretion is not removed by the enhanced punishment factor.
This interpretation permits the trial court to impose a sentence that would not violate the constitutional guarantees of cruel and unusual punishment.
Article 3, § 28 of the Mississippi Constitution provides, "Cruel or unusual punishment shall not be inflicted, nor excessive fines be imposed." The appellant contends and I concur, that fifteen years without chance of parole or probation is cruel and unusual punishment for the crime of uttering a $35.00 forged check.
In Presley, 474 So.2d 612 (Miss. 1985), this Court discussed two similar cases involving the federal constitutional principle of proportionality of sentence. Those cases were Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and Whitmore v. Maggio, 742 F.2d 230 (5th Cir.1984). Relying on those two cases this Court remanded Presley for resentencing because an adequate presentencing hearing under Rules 6.02-6.04, Mississippi Uniform Criminal Rules of Circuit Court Practice had not been held.
In Solem, the defendant, with six prior convictions, was convicted of uttering a bad check, and under applicable South Dakota law, was sentenced to life in prison without parole. The Supreme Court of the United States found that sentence to be significantly disproportionate to the crime and prohibited by the Eighth Amendment. The *1332 Court then set the standard for proportionality analysis by stating:
In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
463 U.S. at 278, 103 S.Ct. at 3003, 77 L.Ed.2d at 650. See also, Jenkins v. State, 483 So.2d 1330 (Miss. 1986).
Additionally, in the case sub judice, the record reveals also that the defendant was not afforded an adequate presentencing hearing. No proof was offered to show that the two felonies relied upon by the state were of "separate incidents at different times" as required by the statute. The proof does show that on the same date and at the same address two victims were burglarized. It is unclear if there were separate incidents.
Also presented to the trial judge by the district attorney in argument was "the fact that this defendant has uttered eight other forgeries on Mr. Clay." The record leaves the Court in doubt as to whether that statement referred to charges or convictions.
In conclusion, my position is threefold. First, the penalty statute on uttering a forged check, Miss. Code Ann. § 97-21-23 provides for the exercise of discretion by the trial judge when the amount of value is less than one hundred dollars, even in recidivist cases for enhanced punishment. Second, even if the trial judge's discretion is removed, as the majority holds, imposition of a fifteen year sentence without probation or parole constitutes cruel and unusual punishment for forgery of a $35.00 check in violation of the Mississippi Constitution. Third, this defendant was not afforded an adequate sentencing hearing and remand on that phase should have been ordered to meet constitutional mandates. I respectfully dissent.
DAN M. LEE and SULLIVAN, JJ., join this dissent.