520 So.2d 1367 (1988)
Robert Andrew HAYNES
v.
STATE of Mississippi.
No. 57522.
Supreme Court of Mississippi.
February 24, 1988.
Woodrow W. Pringle, III, Gulfport, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case is about a principal witness for the prosecution and who the day before trial was the object of a silencing assault by the defendant. At the subsequent assault trial, to what extent may the prosecution describe the trial the witness was originally slated to attend? We consider evidence of the pending trial as probative of the defendant's motive in the assault and, hence, it was admissible in this latter trial. We affirm.

II.
Frances McKay Deloach and Robert Andrew Haynes had known each other at least since early 1981. They cohabited without benefit of clergy and separated in November of 1983 without sanction of chancery. Their union spawned a daughter and much trouble.
An incident occurring October 17, 1984, left Haynes charged with kidnapping Frances and raping her and with carrying a concealed weapon. Haynes was scheduled for trial on these charges in the Circuit Court of Harrison County on Monday, May 20, 1985, with Frances the witness for the prosecution.
*1368 The night before, on May 19, 1985, at about 8:30 p.m., Frances was returning to her mother's home from playing baseball at a nearby park in Gulfport, Mississippi. As she and her brother, Nathaniel Deloach, and her daughter walked up the driveway, a man appeared behind them, yelling. Frances turned as she heard the voice. As she turned, two shots were fired; one hitting Frances in the right leg. Although it was dark, Frances and her brother had no trouble identifying the assailant as Frances' ex-boyfriend, Robert Andrew Haynes, Defendant below and Appellant here.
Both Haynes' aunt and grandmother testified that Haynes never left his aunt's house (where he lived) on May 19, 1985. However, Haynes took the stand on his own behalf and stated that on May 19, a Sunday, he had gone to his sister's house, then by the ball park where he noticed Frances' brothers. At the time of the shooting though, he said he was laying across his bed in his aunt's home.
Haynes was charged with the aggravated assault of Frances McKay Deloach with a pistol in an indictment returned by the Harrison County Grand Jury. In February, 1986, a Circuit Court jury found him guilty. At the sentencing hearing, held on February 5, 1986, the Circuit Court gave Haynes, a recidivist with convictions for burglary and rape on his record, a twenty year sentence without parole.
Haynes appeals his conviction citing the following errors:
(1) The trial court erred in allowing the admission of crimes other than the crime of aggravated assault.
(2) The trial court erred in allowing the admission of evidence of alleged criminal offenses committed by the Appellant which did not result in a conviction.
(3) The trial court erred in overruling Appellant's motion to strike and quash the habitual offender portion of the indictment and in imposing the maximum sentence under the habitual offender statute.

III.
The rape-kidnap-concealed weapon trial which had been scheduled for May 20, 1985, had to be postponed when Frances was shot and injured. That trial was held a month later, and on June 21, 1985, Haynes was found guilty of rape, although he was acquitted on the charges of kidnapping and carrying a concealed weapon.
Thereafter, in February of 1986, Haynes was brought to trial for the May 19 handgun assault on Frances. At that trial the prosecution on several occasions set forth for the jury the circumstances of the charges upon which Haynes was scheduled originally for trial on May 20, 1985. Haynes assigns as error admission of this evidence, arguing that it improperly places before the jury evidence of crimes other than the crime of aggravated assault.
What happened at Haynes' assault trial is this: First, Haynes admitted on direct examination that he had been convicted of burglary, an incident wholly unrelated to any of the charges involving Frances McKay Deloach. While he was on cross-examination, however, Haynes engaged in the following colloquy with the prosecuting attorney which, over defense objection, was permitted:
Q. Were you not convicted of rape, after a jury trial?
A. Right.
* * * * * *
Q. And wasn't it true that that case was set for trial on the Monday following ... the following day after Frances was shot?
BY MR. PRINGLE:
There is no way she is entitled to ask that question. She is entitled to ask about convictions.
BY THE COURT (INTERPOSING):
Overruled.
Q. Was that case set for trial, the day, the very following morning after Frances was shot?
A. Well, it was set before she was shot. But my lawyer notified me and told me it had been changed to another date. That was before she was shot.
Q. Okay. And it was set for the day after she was shot?

*1369 A. Supposed to have had one set for that day.
(Pp. 195-96) During cross-examination of Haynes' aunt, Dorothea Magee, the prosecution asked:
Q. Are you aware or did you know, at that time, that on the very next day, which was May 20, which was a Monday, that Robert was set for trial here in Circuit Court?
A. (Interposing) No, I didn't.
Q... . charged with raping and kidnapping Frances?
A. No, I did not.
Q. Did you know that?
A. No, ma'am.
Defense counsel's objection to this testimony was overruled. The same line of questioning was undertaken of Haynes' grandmother as well and defense counsel's objection to the "form of the question" was overruled.
In the first instance the matter is governed by Rule 404(b), Miss.R.Ev., effective January 1, 1986. That rule provides as follows:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evidence that Haynes was to be brought to trial on Monday morning, May 20, 1985, is relevant on the question of whether he had a motive for his handgun assault on Frances Deloach committed the evening of May 19. One need not be a devotee of crime fiction to understand that an accused facing trial might wish the elimination or intimidation of the witness for the prosecution. When the witness is assaulted on the eve of trial and when the accused is haled before the bar of justice, the extent of the accused's pending jeopardy at the interdicted trial is quite relevant and this, as a matter of both common sense and common law. See McCormick The Law of Evidence 562 (1984). See also Lockett v. State, 517 So.2d 1317, 1330 (Miss. 1987); Jenkins v. State, 507 So.2d 89, 92 (Miss. 1987).
Though evidence be admissible under Rule 404(b), it must still pass muster under Rule 403, the rule which provides that
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ... .
See Jenkins v. State, 507 So.2d at 92-93. Here the Circuit Court held that the probative value of this evidence on the issue of motive was not substantially outweighed by the danger of unfair prejudice. We may not on this record reasonably conclude that the Circuit Court abused its discretion. The assignment of error is denied.

IV.
Haynes next argues that the Circuit Court erred in allowing admission of evidence of alleged criminal offenses he committed which did not result in a conviction. Here Haynes argues that, in questioning his aunt and grandmother, the prosecution asked if either knew that Haynes was to be tried for the rape and kidnap of Frances Deloach the day following the assault of Deloach. He assigns as error the reference to kidnapping, a crime for which Haynes was tried along with rape (and carrying a concealed weapon) but found not guilty.
This point is covered by what we have said in Section III above. Haynes was scheduled for trial on May 20, 1985, on the charges of kidnapping and carrying a concealed weapon. Frances Deloach was a witness for the prosecution in connection with those trials. This furnished Haynes a motive for what he was charged to have done on the evening of May 19. That the indictments for kidnapping and carrying a concealed weapon failed to bear the fruit of a conviction is beside the point. The charges reflected Haynes in serious jeopardy and furnished him a reason for doing that which he was charged with doing the night before. As such, the evidence was admissible.
This assignment of error is denied.

*1370 V.
Finally, Haynes argues that his June 21, 1985, rape conviction could not be used for enhancement purposes under our habitual offender statute. Miss. Code Ann. § 99-19-81 (Supp. 1987). The aggravated assault, which is the subject of the present proceedings, occurred on May 19, 1985.
What Haynes is asking for is "time out" between the commission of the assault and his conviction therefor during which any convictions entered against him cannot be utilized for enhanced punishment purposes. This Court need only turn to Crawley v. State, 423 So.2d 128 (Miss. 1982), to see that this issue is well settled. In Crawley, the defendant argued that Section 99-19-81 should not be applied to enhance punishment unless the offense for which he was then being tried was committed after the conviction of the prior offense. In analyzing this contention, this Court stated:
If, indeed, our legislature intended that the third offense take place after conviction of two previous offenses, the language would have been explicit as it is under Mississippi Code Annotated Section 97-31-27 (1972) dealing with intoxicating beverage offenses and convictions.
423 So.2d at 129. See also Buckley v. State, 511 So.2d 1354, 1359 (Miss. 1987); Burt v. State, 493 So.2d 1325, 1330 (Miss. 1986); Rushing v. State, 461 So.2d 710, 713 (Miss. 1984).
The assignment of error is denied.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS IMPRISONMENT WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.