KING, P.J.,
for the Court:
¶ 1. Diana K. Gunnell was convicted in the Walthall County Circuit Court of embezzlement and sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections. Aggrieved by both her conviction and sentence, Gunnell has appealed and assigned the following issues for resolution by this Court, as taken verbatim from her brief:
1. Did the trial court err in failing to appoint a forensic document examiner on behalf of Defendant Gunnell?
2. Did the trial court err in denying Defendant Gunnell’s motion for continuance prior to trial?
*1285 ¶ 2. Finding Gunnell’s arguments unpersuasive, this Court affirms.

Facts

¶ 3. On September 23, 1996, Diana Gun-nell was indicted by a Walthall County grand jury for the embezzlement of approximately $23,925.69 from her employer, Lexie Water Association, Inc..
¶ 4. In a motion dated November 18, 1996, Gunnell requested that the court appoint a forensic document examiner to assist in the development of her defense. No ruling was made on this motion.
¶ 5. On the day of trial, counsel for Gunnell again requested a forensic document examiner. The trial court denied this request, finding that Gunnell’s attempt to re-urge the motion at that time would be inconsistent with the right to a speedy trial of both the State and the defendant.
¶ 6. The State did not call a handwriting expert witness during the trial.
¶ 7. During the cross-examination of the certified public accountant, Jesse Travis Gill, who audited Lexie’s financial records and discovered the discrepancies which are the subject of this case, Gunnell’s counsel asked questions regarding the signatures on the checks. Gill was certified as an expert in accounting. Specifically Gun-nell’s counsel asked Gill if the “D” on the payee line of a check looked different than that on another. All the while stating that she was not a handwriting expert, Gill attempted to respond to Gunnell’s counsel’s attempts to analyze the handwriting on the different checks.
¶ 8. On January 30, 1997, a Walthall County jury found Gunnell guilty of embezzlement. On February 7,1997, Gunnell was sentenced to serve seven years in the custody of the Mississippi Department of Corrections. Gunnell was ordered to complete the Women’s RID Program and, upon successful completion, to be placed on five years probation. Additional conditions of probation were that Gunnell complete the Women’s Restitutional Center, attend not less than two AA/NA meetings per week, and pay restitution in the amount embezzled from Lexie. Gunnell was also ordered to pay a $1,000 fine, court costs, and attorney fees.

Discussion

I. DID THE TRIAL COURT ERR IN FAILING TO APPOINT A FORENSIC DOCUMENT EXAMINER ON BEHALF OF DEFENDANT GUNNELL?
¶ 9. Gunnell argues that the trial court committed reversible error in denying her request for a forensic document examiner. In support of this contention, Gunnell argues that the forensic document expert was critical to her defense. Gun-nell argues that fundamental fairness entitles her to “an adequate opportunity to present [her] claim fairly within the adversary system.” As evidence of the fundamental unfairness she faced during the trial, Gunnell directs this Court to the handwriting analysis testimony of the accounting expert, Jesse Travis Gill.
¶ 10. The question of the denial of expert assistance to an indigent accused must be answered on a case-by-case basis. Burt v. State, 493 So.2d 1325, 1327 (Miss.1986). This Court’s review of the record revealed the following:
¶ 11. Gunnell was a salaried employee, paid on a bi-weekly basis but, on at least eleven occasions, negotiated checks in amounts different from her bi-weekly salary. The treasurer of the Lexie board of directors, Carroll Smith, testified that board never voted to pay Gunnell any monies in excess of her salary. Nevertheless, Gunnell negotiated two extra payroll checks made payable to herself. Two persons from businesses where fraudulent checks written on Lexie’s account were negotiated by Gunnell testified at the trial. They each testified that Gunnell was the person that presented Lexie checks in “various amounts.” It was by Gunnell’s presentation of the forged checks for payment that the witnesses connected her to the forged checks.
*1286 ¶ 12. The testimony regarding handwriting was a result of Gunnell’s counsel’s cross-examination. Where a defendant has opened the door, inadmissible evidence may be admissible. Washington v. State, 726 So.2d 209 (¶ 34) (Miss.Ct.App.1998).
¶ 13. While the trial judge indicated a willingness to have granted Gunnell an expert had she made an earlier request, that willingness does not relieve Gunnell of her obligation to timely present motions and obtain a ruling. URCCC 2.04. In the instant case, Gunnell filed her motion to request appointment of an expert. However, she failed to pursue that motion until the day of trial. We decline to find the trial court in error for a matter not timely pursued by the Appellant.
¶ 14. The trial court did not abuse its discretion in denying Gunnell’s request for a forensic document examiner.
II. DID THE TRIAL COURT ERR IN DENYING DEFENDANT GUNNELL’S MOTION FOR CONTINUANCE PRIOR TO TRIAL?
¶ 15. Next, Gunnell argues that the trial court erred in not granting her motion for continuance. She contends that the trial court’s denial resulted in reversible error.
¶ 16. “The grant or denial of a continuance lies within the sound discretion of the trial court.” Gates v. State, 484 So.2d 1002, 1006 (Miss.1986). Our review of the record in this case reveals that the trial judge was within his discretion in denying Gunnell’s request for a continuance.
¶ 17. In support of the motion for continuance, Gunnell’s counsel argued that the State did not disclose witnesses to her until 1:00 p.m. the day before the trial was set to begin. The State responded that it had made available to Gunnell all discovery material, which included the names of all the witnesses. The trial court found that the documents timely made available to Gunnell contained the witness information, and overruled her motion for continuance. The trial court did not abuse its discretion in denying Gunnell’s motion for continuance.
¶ 18. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND SENTENCE TO SERVE SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDER TO PAY RESTITUTION, AND A $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WALTHALL COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.