COLEMAN, Justice,
concurring with part II and dissenting from part I:
¶ 60. The Circuit Court of Lowndes County did not err in sentencing Drummer as a habitual offender pursuant to Mississippi Code Section 99-19-81. The Court has never before held, as we do today, that the primary conviction for which a defendant is being sentenced must arise from a felony separate from one of the predicate felonies. In doing so today, we are using our judicial power to amend the statute to add a requirement the Legislature did not include. Accordingly and with respect, I dissent from Part I of the majority opinion, authored by Justice Kitchens. I concur with Part II of the majority, finding no error in the giving of the flight instruction and authored by Presiding Justice Randolph.
, ¶ 61. Section 99-19-81 requires only that the two predicate felonies be separate. The statute contains no requirement that either predicate felony arise “out of separate incidents at different times” from the primary felony, and in so holding today the majority writes into the statute a require *1200 ment the Legislature did not. Although the majority accuses me of twisting the language of the statute and constraining the clear intent of the Legislature, the majority makes no response to my position based on the actual language of the statute. Rather than relying on or addressing the language of the statute, the majority turns to allegations about common practice in the profession and nonapplicable precedent, the latter of which I discuss below. No part of the statute needs to be twisted to point out the absence of any requirement that the primary and predicate convictions arise from “charges separately brought and arising out of separate incidents at different times[.]” Miss.Code Ann. § 99-19-81 (Rev.2007). It is the majority, rather, who must take a pen to the statute and add the requirement to it.
¶ 62. Mississippi Code Section 99-19-81 provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall hot be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (Rev.2007) (emphasis added). Accordingly, each sentence enhanced pursuant to Section 99-19-81 involves three felony convictions. First; there is the latest conviction, what I call the primary conviction, which is the conviction for which the sentence is being enhanced. In the instant case, the primary conviction is Drummer’s conviction for grand larceny. The other two convictions involved in every Section 99-19-81 conviction are what are commonly referred to as the predicate felonies, or the two convictions used as the basis under the statute for enhancing the sentence imparted for the primary conviction. In the instant case, the predicate convictions are the felony flight conviction from Webster County and a 2005 conviction in DeSoto County for Unlawful Taking of a Motor Vehicle. In the instant case, no party or member of the Court suggests the latter two are related.
¶ 63. The statute requires that the two previous convictions be for “any felony or federal crime upon charges separately brought and arising out of separate incidents at different times,” but contains no requirement that each predicate felony be separate from the primary. The only statutory, relational requirement attaching to the primary and predicate convictions is that the predicate convictions occur “previously.” Otherwise, each predicate felony may be “any felony or federal crime,” as long as they are separate from one another.
¶ 64. In prior cases before the Court in which the “separate incidents” requirement has been at issue, the question presented has been whether the two predicate convictions arise from separate incidents, not whether one of the predicate convictions arises from a separate incident than the primary conviction. In Pittman v. State, 570 So.2d 1205 (Miss.1990), the defendant had been convicted of business burglary, and the Court considered whether two predicate convictions — one for burglary of the Carrie Dotson Elementary School in Grenada and the other for grand larceny committed the same day at the neighboring Willia Wilson Elementary School in Grenada[16] — were convictions *1201 arising out of separate incidents at different times. Id. at 1205-1206.
¶ 65. In Riddle v. State, 413 So.2d 737 (Miss.1982), the Circuit Court of Jackson County had convicted the defendant of the kidnapping and rape of a child and for burglary at night of the dwelling of his victim and sentenced him as a habitual offender. Id. at 738. The defendant was convicted of all three felonies and, although the opinion is somewhat vague, it appears that two of the three convictions were used to enhance the third. Id. at 738. The Riddle Court noted that the State conceded that the habitual offender statute had been improperly applied as “the only previous crimes shown to have been committed by Riddle were crimes which arose out of a single incident.” Id. (emphasis added). Although the concession by the State limited the discussion in the opinion, it is obvious from the quoted language that the Riddle Court focused on whether the two previous, or predicate, convictions arose from a single incident.
¶ 66. On October 27, 1984, Allen Nico-laou murdered a fellow inmate in the Hancock County Jail, and the Circuit Court of Hancock County convicted him as a habitual offender of capital murder in Nicolaou v. State, 534 So.2d 168 (Miss.1988). On October 22, 1984, he had pleaded guilty to two murders, armed robbery, and two kidnappings. Id. at 170. The State used the convictions resulting from his October 22, 1984, plea as the predicate convictions to enhance his sentence pursuant to Section 99-19-81. Again, the issue on appeal was whether the predicate convictions were sufficiently separate. See also Burt v. State, 493 So.2d 1325, 1329-1330 (Miss.1986) (considering whether two convictions for burglaries that were committed on the same date qualified as predicate convictions for primary conviction of uttering a forgery); McCullum v. State, 487 So.2d 1335, 1339 (Miss.1986) (holding that two prior convictions for forgeries committed on consecutive days supported enhanced sentence for primary conviction for welfare fraud); Rushing v. State, 461 So.2d 710, 713 (Miss.1984) (holding that two burglaries committed seventeen days apart in Coahoma County were sufficiently separate to serve as predicate convictions to enhance a sentence for the primary conviction of a third burglary).
¶ 67. Only one case I found, Crawley v. State, 423 So.2d 128 (Miss.1982), might be argued to have considered whether one of the predicate convictions was sufficiently separate from the primary conviction. A Lowndes County jury convicted Rodney Crawley — as a habitual offender under Section 99-19-81 — of burglary. On appeal, Crawley contended “that section 99-19-81 cannot be applied to enhance one’s punishment on account of a former conviction unless the offense for which he is on trial was committed after the conviction of the prior offense.” Id. at 128. Thus, the only issue presented to the Crawley Court was one of timing-whether the crime leading to the primary conviction must occur after the crime underlying one of the predicate convictions. The Crawley Court, relying on the language of Section 99-19-81, held that the statute contains no requirement that the felony undergirding the primary conviction take place after the predicate convictions are obtained. Id. at 129. Although there was no issue of whether the primary and predicate convictions must be for factually separate felonies, the Crawley Court did write without any further analysis that the predicate conviction “was separately brought and arose out of a separate incident which occurred at a different time of day” from the primary conviction. Id. However, because the language regarding the separate nature of the crimes had nothing to do with the limited timing issue raised, it is dicta and does not *1202 speak to the issue of what, if any, relationship is required between the crimes underlying the predicate and primary convictions.
¶68. In response to my opinion, the majority quotes Buckley v. State, 511 So.2d 1354 (Miss.1987), wherein the Court indeed wrote, in reliance on the Crawley Court’s dicta, “A prior offense may be considered under the statute even if [it] occurred on the same day as the instant offense as long as the two charges arose from ‘separate incidents.’” Buckley, 511 So.2d at 1359. However, it is absolutely clear that the issue before the Buckley Court was whether the two prior convictions used to enhance Buckley’s sentence arose from charges brought separately and arising “out of separate incidents at different times.” Buckley, 511 So.2d at 1359. “The essence of [Buckley’s] point is that two prior convictions in Memphis, Tennessee, arose out of the same incident.” Id. (emphasis added).
¶ 69. As shown, not one of the above-discussed cases addressed whether — or contains a holding from the Mississippi Supreme Court that — the primary conviction must arise from a separate charge than either of the predicate convictions, and with all respect, the majority’s assertion that “this Court long has held that the predicate felonies must be separate from each other and from the felony for which the defendant currently is being sentenced” is inaccurate.
¶ 70. As the Pittman Court bemoaned, Section 99-19-81’s language implies a common sense premise, if only it had been tightly tailored to fit only that premise.... Three separate criminal acts suggest a likely-to-be-repeated habit of behavior such that the community ought intervene. But before such behavior should be labeled habitual, it would seem that the events should be sufficiently separate that the offender’s criminal passions may have cooled so that he has time to reflect, and if after such an interval the individual forms and actualizes a new criminal design, and then does so a third time, he should be met with all of the power of the public force.
Pittman, 570 So.2d at 1206. It would make, perhaps, better sense for Section 99-19-81 to state that all three convictions, not just the predicate convictions, must arise from separate incidents, but it does not. As the Pittman Court went on to write,
[A]ll we are told is that the prior offenses must have arisen out of “separate incidents at different times,” and we must take the legislative language as we have been given it, not as we wish it were. It is well to reflect that, subject only to constitutional limitations, the legislative branch of government holds the exclusive power to provide punishments for crimes.
Id. at 1207 (citing Winters v. State, 473 So.2d 452, 456 (Miss.1985); Howell v. State, 300 So.2d 774, 780-81 (Miss.1974)) (emphasis added).
¶ 71. Perhaps one could argue that the Legislature intended but overlooked requiring the same degree of separation for the primary and predicate felonies as required for the predicate felonies alone, but the Court should not shelter its decision to make judicial additions to a political statute by speculating that the language it would add was omitted by the Legislature due to oversight. “Unless it is unavoidable and clearly manifest, courts must not impute inadvertence to the Legislature, and especially in cases where such inadvertence would have to be inferred in the face of repeated enactments of the same statute.” Seward v. Dogan, 198 Miss. 419, 436, 21 So.2d 292, 294 (1945); see also His *1203 Way Homes, Inc. v. Miss. Gaming Comm’n, 733 So.2d 764, 769 (¶ 20) (Miss.1999) (holding that the Court will not add to the applicable statutes of the Charitable Bingo Law new provisions authorizing payments to workers when such provisions could not be found in the plain language of the statutes); City of Houston v. TriLakes, Ltd., 681 So.2d 104, 106 (Miss.1996) (“In sum, this Court cannot omit or add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated. Thus, we are not justified in concluding that the legislature intended, but forgot, to include private parties in the list of those who may institute proceedings to enforce zoning ordinances.”). Section 99-19-81 does not require that the primary and predicate convictions arise from “separate incidents at separate times.” The Legislature enacted the statute in 1976. The Legislature addressed it and brought it forward when it enacted House Bill Number 585 in 2014. Miss. Laws ch. 457, § 79 (2014). Despite what can fairly be characterized as numerous changes to Mississippi’s penal statutes contained in House Bill 585, the Legislature brought Section 99-19-81 forward without amendment. See Seward, 198 Miss. at 436, 21 So.2d at 294 (“The repetition of the enactment of a statute is of itself evidence against inadvertence on the part of the Legislature!;.;]”).
¶ 72. Whether it makes more sense or not for the majority to add to the statute a requirement omitted by the Legislature— that the primary and predicate convictions be for separate crimes — we stray beyond the borders of our constitutional authority in doing so.
¶ 73. Even if, as the majority assumes, the underlying conviction must be for a crime arising out of separate incidents at separate times than the primary conviction, I agree with the Court of Appeals’ excellent analysis leading to the conclusion that Drummer’s felony flight conviction is sufficiently separate from his grand larceny conviction for habitual offender purposes. Drummer v. State, 167 So.3d 1222, 1233-38, (¶¶ 35-53), 2014 WL 3409099, **9-14 (¶¶ 35-53) (Miss.Ct.App.2014). The Court of Appeals was correct on several points, including, inter alia, that, in reliance upon Garrison v. State, 950 So.2d 990, 995 (¶ 19) (Miss.2006), Drummer’s two crimes had different victims and arose from distinct facts.
As in Garrison and Davis [v. State, 850 So.2d 176, 179-180 (¶¶ 13-15) (Miss.Ct.App.2003) ], the circuit court determined in the present case that Drummer’s predicate offense of felony flight arose from a distinct set of facts from his earlier larceny offenses, thereby constituting a completely separate offense from the larceny offenses. Our review also reflects that, although Drummer’s felony-flight and larceny offenses occurred on the same date, the offenses failed to arise from a common nucleus of operative fact. As reflected in the record, the crimes occurred at different times of day, occurred in different cities and counties, required different criminal intents, involved different victims, and required different elements of proof.
Our review of the record first shows that Drummer’s crimes occurred at different times of the day and in different cities and counties. As previously noted, Drummer’s larceny offenses occurred in Columbus, located in Lowndes County, and his conduct constituting the offense of felony flight did not begin until he ran a four-way stop sign in Mathiston, located in Webster County. Moreover, Officer Anderson only began pursuing Drummer after Drummer ran the stop sign. Instead of stopping in response to Officer Anderson’s police lights and si *1204 ren, Drummer led Officer Anderson on a high-speed chase. He then continued to flee from Officer Anderson until reaching the police blockade at the county line of Leflore County, where he finally crashed into a light pole and tried to hide inside a shed.
Drummer, 167 So.3d at 1236-37 (¶ 45-46), 2014 WL 3409099, at *12 (¶ 45-46). The Court of Appeals also correctly held that, for purposes of proving guilt, Drummer had completed committing the crime of larceny before he committed the crime of felony fleeing.
Applying our precedent, we find that the evidence in the record shows that Drummer completed the offense of grand larceny upon his taking of Agri-Turfs property with the specific intent to wholly and permanently deprive the company of its property. See Catling v. State, 45 So.3d 295, 298 (¶ 10) (Miss.Ct.App.2010). Mississippi case law establishes that, to constitute the asportation of someone else’s property, the “carrying away” movement need not be substantial to be sufficient. Mapp [v. State], 248 Miss. [898, 904], 162 So.2d [642, 645 (Miss.1964) ]. “To remove [the goods] with the requisite felonious intent from one part of the premises to another, or from the spot or house where they were found, or even from one place to another in the same room, is a sufficient asportation.” Id. For example, in Harbin the supreme court found the evidence showing that the defendants hooked a chain to the victim’s car and towed the vehicle a mere three feet before abandoning the attempt to be sufficient to support their grand-larceny conviction. Harbin [v. State], 402 So.2d [360,] 361-62 [(Miss.1981) ].
As explained in Harbin:
There is a caption when the defendant takes possession; he takes possession when he exercises dominion and control over the property. There is an asportation when he carries away the property; any carrying away movement, however slight, even though it takes but a moment, is sufficient. Given an asportation, a larceny is committed even if the defendant for whatever reason abandons the property, or even if, because he is detected, his purpose in carrying away the property is frustrated.
Harbin, 402 So.2d at 361 (quoting 3 Wharton’s Criminal Law, Larceny § 378 (1990)).
In further applying our precedent to the present case, we find that a “caption” and “possession” occurred when Drummer exercised dominion and control over Agri-Turfs trailer and lawnmower. An “asportation” occurred upon any movement of the stolen property by Drummer. This element was satisfied upon even the slightest movement of the property by Drummer, and as the record reflects, Drummer not only removed the property from Agri-Turfs premises but also from Lowndes County completely. Thus, Drummer successfully completed all the requisite elements of his grand-larceny offense before engaging in the criminal conduct of felony flight later that day in another city and county.
Drummer’s argument that his felony flight grew out of the asportation element of his larceny offenses overlooks the applicable case law establishing that even slight movement is sufficient for the completion of asportation. His argument also fails to acknowledge the continuing nature of a larceny offense even though commission of the crime is complete. “Our supreme court has long held that ‘larceny is a continuous offense and is being committed at all times dur *1205 ing which the thief deprives the owner of the stolen property of its possession.’ ” Walker v. State, 96 So.3d 43, 46 (¶ 12) (Miss.Ct.App.2012) (citing Walker v. State, 188 Miss. 177, 183, 189 So. 804, 806 (1939)).
Drummer, 167 So.3d at 1237-38 (¶ 49-62), 2014 WL 3409099, at **13-14 (¶ 49-52). Although Section 99-19-81 by its terms requires only the two predicate convictions to be for separate felonies and is silent as to any factual relationship between the predicate and primary convictions, if the Court chooses to write such a requirement into the statute, then, pursuant to the entirety of the Court of Appeals’ discussion of the issue, which includes the above-quoted language, Drummer’s crimes of felony fleeing and grand larceny were sufficiently separate.
¶ 74. The Court lacks the power under our constitutional framework to write into a statute language that the Legislature did not. Little v. Miss. Dep’t of Transp., 129 So.3d 132, 138 (¶ 12) (Miss.2013) (citing Stockstill v. State, 854 So.2d 1017, 1022-23 (¶ 13) (Miss.2003) (“It is not the duty of this Court to add language where we see fit.”)). There being no requirement in Section 99-19-81 that the predicate convictions arise from “separate incidents at different times” than the primary conviction, I cannot join Part I of today’s majority opinion. Even with today’s addition to the statute, the Court of Appeals correctly held that the two felonies at issue were separate. Accordingly and with respect, I dissent from Part I of today’s majority opinion. I concur with Part II.
DICKINSON and RANDOLPH, P.JJ., and PIERCE, J„ JOIN THIS OPINION.

. The two schools were connected by a corn-mon walkway. Pittman, 570 So.2d at 1206.