IRVING, P.J.,
for the Court:
¶ 1. On July 21, 2010, a jury convicted Darrell Walker of accessory after the fact to capital murder and motor-vehicle theft. The Hinds County Circuit Court sentenced Walker as a habitual offender to life in the custody of the Mississippi Department of Corrections without eligibility for parole or probation.
¶ 2. On July 28, 2010, Walker filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), which the circuit court denied. Feeling aggrieved, Walker appeals and argues that the circuit court erred in giving jury instruction S-2 and in denying his motion for a new trial or a JNOV.
¶ 8. Finding no error, we affirm.
FACTS
¶ 4. On May 20, 2008, William Roy Jones Jr. broke into Juliet Lilly’s house and stole several items. Jones sold the items in exchange for drugs. Jones returned to Lilly’s house later in the evening to steal more items. After discovering that Lilly was at home, Jones attacked Lilly, repeatedly stabbed her, and left her to die. Jones then loaded more of Lilly’s belongings into her Mitsubishi Mirage and drove the car to the Appleridge Shopping Center parking lot. Jones took some of the stolen items to his girlfriend’s house, which was nearby. Jones’s girlfriend lived with her mother, Ethel Smith, and Smith’s boyfriend, Walker. While at his girlfriend’s house, Jones changed clothes and then left. *45 Jones later returned and asked Walker if he knew how to drive a standard-shift car, and Walker responded that he did. According to Jones’s statement, Walker left the house with him and agreed to drive Lilly’s stolen vehicle to the Elton Park Apartments to buy marijuana. After-wards, Jones and Walker returned the car to the shopping center parking lot.
¶ 5. On May 21, 2008, Walker saw a news report on Lilly’s murder and began to suspect that Jones had killed Lilly. Walker sought the advice of his friend, Rod McFarland, and his brother, Eric,[1] about whether he should report Jones to the police. McFarland later spoke with the police about what Walker had told him, and the police went to Walker’s house and took him in for questioning.
¶ 6. Walker admitted in his police statement that when Jones initially came to Smith’s house, he was covered in blood. Walker asked Jones what he had done, but Jones replied that it was none of his business. Walker also admitted that he drove Lilly’s stolen vehicle to the Elton Park Apartments with Jones and then returned the car to the shopping center parking lot. Walker claimed that he did not know that the car belonged to Lilly until after seeing the news broadcast about her murder. Walker told the police that after seeing the news broadcast, he began to suspect that Jones had murdered Lilly and had stolen her car.
¶ 7. At trial, Smith testified that, on the day of Lilly’s murder, Walker came into the bedroom and told her that Jones had brought stolen property into the house. Smith claimed that she had told Jones to “get the stuff out [of] my house.” Additionally, Smith testified that she tried to stop Walker from leaving with Jones, but Walker accused her of trying to “stop him from hitting a lick.” When Walker returned to the house, he did not say where he had been or what he had done.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Jury Instruction S-2

¶ 9. Walker argues that the circuit court erred in giving jury instruction S-2 because it was unsupported by the evidence presented at trial, and it confused and misled the jury. The giving or denying of jury instructions is “within the sound discretion of the [circuit] court.” Harden v. State, 59 So.3d 594, 608 (¶ 38) (Miss.2011) (citing Rubenstein v. State, 941 So.2d 735, 787 (¶ 239) (Miss.2006)). When reviewing a challenge to jury instructions, the instructions must be examined “as a whole and not in isolation.” Id. (citing Walker v. State, 913 So.2d 198, 234 (¶ 132) (Miss.2005)). The circuit court may “refuse a jury instruction when it is an incorrect statement of law, is fairly covered in other instructions, or has no foundation in the evidence.” Id. (citing Ruffin v. State, 992 So.2d 1165, 1176 (¶ 33) (Miss.2008)). “If the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id. (quoting Montana v. State, 822 So.2d 954, 958 (¶ 10) (Miss.2002)).
¶ 10. Walker did not object to instruction S-2 on the ground that it was unsupported by the evidence or that it would be confusing and misleading to the jury. Walker’s counsel objected to S-2 because the instruction did not match the indictment. The Mississippi Supreme Court has held that “[a]sserting grounds for an ob *46 jection on appeal that differ[] from the ground given for the objection at the trial level does not properly preserve the objection for appellate review.” Woodham v. State, 779 So.2d 158, 161 (¶ 12) (Miss.2001) (citing Paracelsus Health Care Corp. v. Willard, 754 So.2d 437, 441 (¶ 16) (Miss.1999)). As such, Walker’s objection to instruction S-2 on the grounds that it is unsupported by the evidence and confusing and misleading is procedurally barred.
¶ 11. Procedural bar notwithstanding, Walker’s contention of error is without merit. Over Walker’s objection, the circuit court gave instruction S-2, which reads as follows:
The Defendant in this case is accused as an accessory before the fact, or an accomplice to [m]otor[-v]ehicle [t]heft. Each person present at any time of an offense who knowingly and intentionally aids, assists[,] or encourages, or acts in concert with one or more other persons, and in any material manner in the commission of the principal crime charged, [m]otor[-v]ehicle [tjheft, by knowingly and intentionally doing any act furthering the accomplishment of the crime, then the person so aiding or assisting is responsible and accountable for all of the alleged wrongful actions of the person or persons so aided or assisted. Therefore, if you find[,] beyond a reasonable doubt in this case[,] that Darrell Walker herein so aided or assisted William Roy Jones Jr. in the actual commission of the offense charged, and that each and every element of said offense has been proved beyond a reasonable doubt, then you shall find the Darrell Walker guilty of [m]otor[-v]ehicle [tjheft.
(Emphasis added).
¶ 12. Walker argues that there is no evidence that he was an accessory before the fact or an accomplice to motor-vehicle theft. The State argues that instruction S-2 is supported by the evidence because the theft of Lilly’s vehicle was part of one continuous transaction and, Walker, even though he was indicted as a principal, could also be found guilty as an accomplice. We agree. Our supreme court has long held that “larceny is a continuous offense and is being committed at all times during which the thief deprives the owner of the stolen property of its possession.” Walker v. State, 188 Miss. 177, 183, 189 So. 804, 806 (1939). Thus, “every moment’s continuance of the ... felony amounts ... to a new caption and asportation.” Devine v. State, 132 Miss.492, 498, 96 So. 696, 696 (1923) (citations and internal quotations omitted).
¶ 13. Walker admitted that he'had driven Lilly’s car, even though it was after Jones had driven the car to the Appleridge Shopping Center. Because larceny, which includes motor-vehicle theft, is a continuous offense, Walker’s driving the car constituted a “new caption and asportation.” Thus, there was sufficient evidence to support jury instruction S-2.
¶ 14. Walker also contends that instruction S-2 is confusing and misleading. Our supreme court has previously considered a jury instruction with language similar to the language in instruction in S-2. In Berry v. State, 728 So.2d 568, 570 (¶ 4) (Miss.1999), the circuit court granted jury instruction S-3, which defined an accessory as follows:
The Court instructs the jury that each person present at the time, and consenting to and encouraging the commission of a crime, and knowingly, willfully[,] and feloniously doing any act which is an element of the crime, or immediately connected with it, or leading to its commission, is a principal.
One who aids, assists[,] and encourages a transfer of cocaine is a principal and *47 not an accessory, and his guilt in nowise depends upon the guilt or innocence, the conviction or acquittal of any other alleged participant in the crime. Therefore[,] if you believe from the evidence, beyond a reasonable doubt, that Merlin-da Berry did willfully, unlawfully[,] and feloniously do any act which is an element of the crime of transfer of cocaine, as defined by the Court’s instructions, or immediately connected with it, or leading to its commission, then and in that event, you should find Merlinda Berry guilty of transfer of cocaine as charged in the indictment.
(Emphasis added). Berry maintained that the instruction “reliev[ed] the State of its burden to prove every element of the crime beyond a reasonable doubt.” Id. at 571 (¶5). The supreme court held that other jury instructions adequately informed the jury of the State’s burden of proof. Id. at (¶ 9). Nevertheless, the supreme court found that instruction S-3 was confusing and misleading because it “appear[ed] to give the jury an additional option of finding the defendant guilty if she committed only one element of the crime without even finding that the crime was ever completed.” Id. As such, the supreme court reversed Berry’s conviction based on the confusing and misleading nature of instruction S-3. Id.
¶ 15. Similarly, Walker argues that instruction S-2 relieved the State of having to prove each element of motor-vehicle theft beyond a reasonable doubt. However, the jury instructions that were given completely belie Walker’s argument. In addition to instruction S-2, which states that every element of the offense had to be proven beyond a reasonable doubt, the circuit court also gave jury instruction S-l which reads as follows:
The Court instructs the jury that if you believe from all of the evidence, beyond a reasonable doubt, that
(1) the defendant, Darrell Walker,
(2) did, on or about the 21st day of May 2008,
(3) in the First Judicial District of Hinds County, Mississippi!!,]
(4) willfully, unlawfully, and felo-niously take possession and take away a motor vehicle, a 1996 Mitsubishi Mirage, which was the property of another!!,]
(5) with intent to permanently or temporarily convert same or deprive the owner of possession of ownership of said vehicle
then and in that event, you must find the defendant, Darrell Walker, guilty of [m]otor[-v]ehicle [t]heft.

If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the [djefendant not guilty of motor[-]vehicle theft.

(Emphasis added). Instruction S-l clearly required the State to prove all of the elements of motor-vehicle theft beyond a reasonable doubt. Reading the instructions as a whole, we find that the jury was properly informed of the State’s burden of proof in this case. Additionally, in contrast to the jury instruction given in Berry, instruction S-2 required that the jury find that Walker committed some act furthering the accomplishment of the crime of moto[-]vehicle theft and not just any act which is an element of the crime of motor-vehicle theft. As such, we find that instruction S-2 is distinguishable from the instruction complained about in Berry. This issue is without merit.

2. Weight of the Evidence

¶ 16. Walker argues that the circuit court erred in denying his motion for a *48 new trial or, in the alternative, a JNOV. A request for a new trial challenges the weight of the evidence. Bush, 895 So.2d at 844 (¶ 18). An appellate court will not disturb a jury verdict unless “it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. (citing Herring v. State, 691 So.2d 948, 959 (Miss.1997)). Additionally, when reviewing the denial of a motion for a new trial, an appellate court views the evidence in the light most favorable to the verdict. Id. (citing Herring, 691 So.2d at 957).
¶ 17. After a thorough review of the record, we hold that the jury’s verdict is not against the overwhelming weight of the evidence. At trial, the State presented evidence that Walker knew that Jones had stolen property. Even though Walker claims that he did not know that the car that he drove belonged to Lilly, we find that a jury could have reasonably inferred that, at the very least, Walker knew that the car did not belong to Jones, yet he still agreed to drive the car. Additionally, Walker told the police that he saw Jones with blood on his clothes and even asked Jones if he had killed someone. Based on these facts, we cannot say that the jury’s verdict is against the overwhelming weight of the evidence or that allowing it to stand would sanction an unconscionable injustice. Accordingly, we hold that the circuit court did not err in denying Walker’s motion for a new trial. This issue is without merit.

3. Sufficiency of the Evidence

¶ 18. Walker’s motion for a JNOV challenges the legal sufficiency of the evidence presented at trial. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). When reviewing a challenge to the sufficiency of the evidence, all credible evidence must be viewed in the light most favorable to the State. Id. at (¶ 17). An appellate court will not disturb the circuit court’s ruling if:
[T]he evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction.... Should the facts and inferences considered in a challenge to the sufficiency of the evidence point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.
Id. at (¶ 16) (internal citations and quotations omitted).
¶ 19. Walker was convicted of accessory after the fact to capital murder pursuant to Mississippi Code Annotated section 97-1-5 (Rev. 2006)[2] and motor-vehicle theft pursuant to Mississippi Code Annotated section 97-17-42 (Supp.2011).[3] Walker *49 contends that there is insufficient evidence that he knew that Jones had committed a felony or that he had intended to aid Jones in avoiding capture after Jones killed Lilly. To support his contention, Walker points to the fact that once the police took him in for questioning, he told them that he suspected that Jones had killed Lilly and had stolen her car. Additionally, Walker argues that there is insufficient evidence to show that he committed motor-vehicle theft.
¶ 20. In his statement to police, which was admitted into evidence at trial, Walker stated that Jones was “covered in blood.” Additionally, Smith testified that Walker had informed her that Jones had brought stolen property into the house. Furthermore, Walker drove Lilly’s stolen vehicle at Jones’s request, knowing that the car did not belong to Jones. Based on the above, we find that a rational trier of fact could have found Walker guilty of acting as an accessory after the fact to capital murder and guilty of motor-vehicle theft beyond a reasonable doubt. As such, this contention of error is without merit.
¶ 21. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ACCESSORY AFTER THE FACT OF CAPITAL MURDER, AND COUNT II, MOTOR-VEHICLE THEFT, AND SENTENCE AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. The record does not provide Eric’s last name.

. Section 97-1-5 reads:
Every person who shall be convicted of having concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction[,] or punishment, after the commission of such felony, on conviction thereof!,] shall be imprisoned in the penitentiary not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both; and in prosecution for such offenses it shall not be necessary to aver in the indictment or to prove [at] the trial that the principal has been convicted or tried.

. Section 97-17-42(1) reads:
Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently *49 or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership, and any person who knowingly shall aid and abet in the taking possession or taking away of the motor vehicle, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than ten (10) years.