518 So.2d 1219 (1988)
Larry Earl JACKSON
v.
STATE of Mississippi.
No. 57643.
Supreme Court of Mississippi.
January 20, 1988.
Richard B. Brown, Jr., Mack A. Bethea, Gulfport, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen., by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, GRIFFIN and ZUCCARO, JJ.
GRIFFIN, Justice, for the Court:
Larry Earl Jackson, a black, was convicted of the July 1984 burglary of an apartment in Gulfport. On the basis of three 1976 convictions, he was sentenced as an habitual offender to serve ten years in the custody of the Mississippi Department of Corrections.
He assigns two errors. The first, that blacks were unjustifiably excluded from the jury through the use of peremptory challenges, is confessed by the State. Four blacks on the jury panel were stricken by the prosecution, one for cause, three by peremptory challenges. The State declined to state reasons for the strikes arguing that peremptory challenges required no justification. Subsequently, Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), requiring a racially neutral explanation for such strikes, became the law of the land. This case, then, must be remanded for a Batson hearing, in accord with the guidelines set out by this Court in Joseph v. State, 516 So.2d 505 (Miss. 1987) and Harper v. State, 510 So.2d 530 (Miss. 1987).
In his second assignment of error, the defendant asserts that he was wrongfully sentenced as an habitual offender under § 99-19-81. Three prior convictions, two burglaries of vehicles and one armed robbery, were set out in the habitual offender portion of the indictment. Although two of these crimes occurred on the same date, and the third a few days later, they all *1220 arose out of separate incidents at different times. All three guilty pleas were entered on the same date and resulted in concurrent seven-year sentences. The appellant contends that concurrent sentences are not "separate terms" required by the statute for sentencing as a recidivist. There is no merit to this contention. The language of the statute requires simply sentencing to separate terms, specifically omitting the requirement that they must be served separately, or that they must be served at all.
This case is remanded for proceedings consistent with this opinion.
REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.