570 So.2d 1205 (1990)
Bobby Lee PITTMAN
v.
STATE of Mississippi.
No. 89-KA-1184.
Supreme Court of Mississippi.
November 28, 1990.
Robert T. Laster, Jr., Carothers Fedric & Laster, Grenada, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
ROBERTSON, Justice, for the court:
Bobby Lee Pittman stands convicted of the burglary of Cohen's Store in Grenada, Mississippi, and has been sentenced as a recidivist to seven years imprisonment without parole. Miss. Code Ann. § 99-19-81 (Supp. 1990). Pittman appeals and challenges only the habitual offender portion of his sentence and en route presents a question of statutory interpretation. He argues that his two prior convictions were not sufficiently separate and distinct one from the other that they qualify him for enhanced sentencing.
In relevant part, Section 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times. ...
shall be sentenced to the maximum term of imprisonment prescribed for the underlying felony charged in the indictment, without eligibility for probation or parole. The maximum term for "business burglary" is seven years. Miss. Code Ann. § 97-17-33 (Supp. 1990).
The two "priors" the Circuit Court relied upon in sentencing Pittman as an habitual offender are:
(1) In case number 5315 the Circuit Court of Grenada County on June 24, 1987, convicted Pittman of the burglary of the Carrie Dotson Elementary School in Grenada.
(2) In case number 5316 and on the same day the same Circuit Court convicted Pittman of the grand larceny of three color television sets from the Willia Wilson Elementary School in Grenada, Mississippi.
Both convictions arose from events occurring on February 13, 1987.
*1206 The Dotson and Wilson Elementary Schools are housed in separate facilities but are geographically quite proximate one to the other. A common walkway connects the two buildings, and they share a common auditorium and cafeteria. The two schools are surrounded by a single all-inclusive chain link fence. They lie at the "dead end" of Telegraph Street. Wilson Elementary School houses only first and second grade classes. Dotson Elementary School teaches the third and fourth grades. The two schools have different administrators but each is ultimately owned and operated by the Grenada Municipal Separate School District. The geography was developed at the sentencing hearing, and Grenada Police Officer Greg Harris testified that at their nearest points the two schools were no further apart than "twenty-five yards, at the most." Officer Harris admitted he could throw a rock from one school building and hit the other but doubted that "a good tobacco spitter might could spit from one school to the other." The record is silent whether Pittman committed the two February 13, 1987, offenses on one trip to the school "complex" or two.
On appeal Pittman correctly reminds us that the prosecution bore the burden of proving each element of his habitual offender status beyond a reasonable doubt, the same as at any criminal proceeding. See Hentz v. State, 542 So.2d 914, 918 (Miss. 1989); Seely v. State, 451 So.2d 213, 215 (Miss. 1984). He then urges that the prosecution has not so proved that his 1987 burglary and grand larceny convictions arose out of "separate incidents at different times." Pittman cites Riddle v. State, 413 So.2d 737 (Miss. 1982), wherein the separate offenses were rape, kidnapping and burglary, each committed in the home of the same victim. It is settled that such offenses may be prosecuted separately. See, e.g., Pharr v. State, 465 So.2d 294, 300-01 (Miss. 1984) and cases there cited. Section 99-19-81 achieves a juridical union the Double Jeopardy Clause does not. Though subject to separate prosecution, the Riddle offenses arose out of a common temporal nucleus of operative fact and did not qualify as "separate incidents at different times." 413 So.2d at 738.
"Separate incidents" and "different times" border on redundancy. Reference to locale is lacking. If Pittman broke and entered the Wilson School on one night and a week later stole three television sets from the same Wilson School, no doubt these would qualify as "separate incidents at different times" though committed at the same school. The statutory text propounds a temporal quality that predominates. Separateness and difference in time seem central to our search for meaning. Place is important only in that one cannot be two places at once; it takes time to go from one place to another. Our problem is that the text does not tell us how distant in time the prior criminal acts must be.
Section 99-19-81's language implies a common sense premise, if only it had been tightly tailored to fit only that premise. A person who on three separate occasions has pursued a criminal design should be dealt with severely, more so than on his first or even second offense. Three separate criminal acts suggest a likely-to-be-repeated habit of behavior such that the community ought intervene. But before such behavior should be labeled habitual, it would seem that the events should be sufficiently separate that the offender's criminal passions may have cooled so that he has time to reflect, and if after such an interval the individual forms and actualizes a new criminal design, and then does so a third time, he should be met with all of the power of the public force. Conversely, two offenses committed in rapid succession do not suggest the same repetitiveness of criminal design such that the offender may be thought predictably habitual thereafter, or deserving of severe sanction. In this sense Section 99-19-81's scheme may have been more rational if it required, say, a minimum twenty-four hour interval between offenses. No such language appears. Instead, all we are told is that the prior offenses must have arisen out of "separate incidents at different times," and we must take the legislative language as we have been given it, not as we wish it were. It is well to reflect that, subject only to constitutional limitations, the legislative branch of government holds the exclusive power to provide punishments for crimes. See, e.g., *1207 Winters v. State, 473 So.2d 452, 456 (Miss. 1985); Howell v. State, 300 So.2d 774, 780-81 (Miss. 1974).
We do not write upon a clean slate. We have on several occasions held that "priors" arising out of incidents occurring on the same date may nevertheless be "separate incidents at different times" within Section 99-19-81. Nicolaou v. State, 534 So.2d 168, 173 (Miss. 1988); Jackson v. State, 518 So.2d 1219 (Miss. 1988); Burt v. State, 493 So.2d 1325, 1329 (Miss. 1986); see also Crawley v. State, 423 So.2d 128, 129 (Miss. 1982). In Burt the defendant broke and entered two dwelling houses at "Route 1, Duck Hill, Mississippi" on June 26, 1980, and we held these separate incidents because Burt had burglarized "separate dwellings occupied by two individuals." Burt, 493 So.2d at 1329. In Nicolaou the priors concerned a robbery and two kidnappings that took place following the completion of two murders, all of which were a part of the same continuous crime spree but which we held "separate incidents" within Section 99-19-81. Nicolaou, 534 So.2d at 173. These cases, however, afford no bright line rule telling us how separate the incidents must be, nor how different the times must be.
No doubt, if Pittman broke and entered one room in the Wilson Elementary School and, finding nothing of value, then moved to another room in the same school and thereafter stole the three television sets from that room, we would consider the union of these acts sufficient that they would constitute but a lone incident under the statute. The record before us, however, reflects that the Dotson Elementary School and the Wilson Elementary School are separate schools, notwithstanding their proximity and common use of the auditorium and cafeteria. Even if on February 13, 1987, Bobby Ray Pittman burglarized the Dotson School and then stole the color television sets from the Wilson School, as quickly as one could physically accomplish these acts, one after the other, we would be obliged to hold these "separate incidents at different times."
It may be that this is not the most sensibly structured approach to the habitual offender phenomenon that so plagues our society. At the very least Section 99-19-81's language needs review and reflection. We respect the legislative prerogative and invite its exercise.
CONVICTION OF BUILDING BURGLARY AND SENTENCE OF SEVEN YEARS IMPRISONMENT IN CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, WHICH SENTENCE SHALL NOT BE REDUCED OR SUSPENDED, NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION, AFFIRMED.
ROY NOBLE LEE, C.J., PRATHER, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
BLASS, J., HAWKINS and DAN M. LEE, P.JJ., dissent by written separate opinion.
BLASS, Justice, dissenting:
I respectfully dissent. I will not repeat the facts or toil over the discussion of "separate incidents" and "different times" as they are discussed in the majority opinion. The majority opinion labors over these words and, in the last paragraph, invites the legislature to re-examine the statute. With deference to the majority, I believe that it is more appropriate, in this instance, that the Court re-examine its interpretation of the statute. The legislature has said that the previous convictions must have arisen out of charges separately brought and arising out of separate incidents at different times. It does not occur to me, immediately, how the legislature can improve on that language. I agree with the appellant that his prior convictions were not crimes arising out of separate incidents at different times under Miss. Code Ann. § 99-19-81, (Supp. 1989). In the course of a single illegal excursion to burglarize the public school campus, he went out of one room under a covered walkway into another building and was, accordingly charged with two burglaries. It seems clear to me that this was one incident and one time. It seems to me that we need to reinterpret the statute so that it accords with common understanding of the language. In other words, I think this Court has made the error rather than the legislative draftsman.
*1208 I would affirm the conviction of burglary but would reverse with respect to the application of Miss. Code Ann. § 99-19-81, (Supp. 1989).
HAWKINS, and DAN M. LEE, P.JJ., join this opinion.