# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00542-SCT

*MARTY JOE EASTER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/97 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  W. GLENN WATTS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/05/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/18/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

This matter is before the Court on appeal from an order denying post-conviction relief. Easter contends that the circuit court, by allowing him to serve part of his sentence concurrently with a sentence he was already serving in another jurisdiction, violated the habitual offender provision prohibiting reduction or suspension of a defendant's sentence. We conclude that the concurrent portion of a defendant's sentence is not a "reduction or suspension" of his sentence. We therefore affirm.

### I.

Marty Joe Easter, along with two co-defendants, was indicted in the Circuit Court of Carroll County for the felony of livestock larceny under Miss. Code Ann. § 97-17-53 (1994). Easter had previously been convicted of multiple felonies, including grand larceny, jail escape and robbery. Accordingly, the

indictment charged Easter as an habitual offender pursuant to Miss. Code Ann. § 99-19-83 (1994), which provides for a sentence of life imprisonment without chance of parole or probation.

On May 7, 1996, Easter entered a plea of guilty in open court. Counsel for the defendant stipulated that Easter met the criteria of § 99-19-83. As its part of the plea arrangement, however, the State recommended that Easter be sentenced to a term of five years without parole under the more lenient habitual offender provision embodied in Miss. Code Ann. § 99-19-81:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (1994). The State further agreed that six months of Easter's sentence could be served concurrently with a previously imposed sentence which Easter was serving at a federal penitentiary in Florida.

The lower court followed the State's recommendation and sentenced Easter to five years, the maximum sentence allowed under § 97-17-53. The court ordered that four and a half years of that sentence be served consecutively to any other sentence that Easter was serving. The other six months could be served concurrently with any sentence Easter was serving.

On April 9, 1997, Easter filed a Motion to Correct Habitual Sentence in the circuit court, alleging that his sentence is invalid. The judge filed an order on April 14, 1997, denying Easter's motion. Easter presently appeals from the circuit court's denial of his motion.

## II.

While Easter ostensibly raises two issues, these reduce to the single claim that the circuit court judge violated § 99-19-81 by allowing Easter to serve six months of his five-year sentence concurrently with a federal sentence he was already serving in Florida. Easter argues that because the statute specifically prohibits reduction or suspension of a habitual offender's sentence, his sentence is invalid and should be vacated.

Easter's claim has no merit. He voluntarily entered into a plea agreement by which the State recommended sentencing under § 99-19-81, and the circuit court accepted these terms. The court sentenced Easter to five years, the maximum term allowed for the felony to which he pled guilty.

The fact that the court allowed part of Easter's sentence to run concurrently does not constitute a reduction or suspension of his sentence. A concurrent sentence, while served contemporaneously with another, is nevertheless considered served. *See **Magee v. State,*** 542 So. 2d 228, 235-36 (Miss. 1989) (concurrent sentences for separate convictions meet the requirements of the habitual offender statute as separate terms served); *see also **Jackson v. State,*** 518 So. 2d 1219, 1219-20 (Miss. 1988). Easter's concurrent sentences are independent of each other. Had Easter received a pardon on his federal conviction, he would still have been required to serve the full five years of his state sentence.

*King v. State,* 527 So. 2d 641, 645 (Miss. 1988).

We conclude that the circuit court judge complied with the plain language of § 99-19-81. He imposed the maximum term and did not "reduce or suspend" Easter's sentence by allowing a portion thereof to run concurrently.[1] Thus, Easter's sentence is not invalid as he claims. In any event, this Court is hesitant to declare a violation of a defendant's rights when such "violation" results in leniency toward the defendant.

### III.

For the foregoing reasons, the circuit court's denial of post-conviction relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Indeed, even parole is not by law considered a reduction of sentence. *See* Miss. Code Ann. § 47-7-17 (Supp. 1997).