RANDOLPH, Presiding Justice,
concurring in part two and dissenting from part one:
¶ 33. I am in accord with Justice Coleman in opining that the Lowndes County Circuit Court did not err in sentencing Drummer, based on a purely objective reading of Section 99-19-81. Thus I dissent to Part I of the majority opinion.
¶34. The statute provides the rule of law, and not a single habitual-offender case supports the majority’s innovative interpretation.
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (Rev.2007).
¶ 35. A plain reading of these words in the order written leads to the conclusion that only the prior felonies are required to be separate and distinct from each other. “Every person convicted in this state of a felony” describes the present charge — the one for which the defendant may be sentenced as a habitual offender if the remainder of the statute is satisfied. The defendant must have twice previously been convicted of a felony or federal crime. The priors must have been separately brought and must have arisen out of separate incidents at different times. In other words, the priors must be separate and distinct from each other. Finally, the priors must each have resulted in a sentence of one year or more. If these elements are met, the trial court must sentence the defendant on the present charge to the maximum term of imprisonment prescribed by law.
¶36. The majority’s interpretation is alluring, but is available only by rearranging the King’s English and the clauses used in the statute.[13] Our role is to objectively and dispassionately interpret statutes, using the basic rules of grammar and mechanics applicable to standard American English.[14] Following this most basic of standards, only the prior charges must be separate from each other. This statute is composed of a single sentence. The only punctuation occurs at the sentencing portion of the statute relating to sentencing on the present charge. The statute lists two main requirements: a person convicted of a felony (1) who shall have twice previously been convicted of a felony and (2) who shall have been sentenced to separate terms. If these requirements are met, the person shall be sentenced to the maximum term on the present charge. The defendant clearly had yet to be sen *1193 tenced on the present charge, leaving only proof of the two prior sentences to be shown. The language within the “twice previously” clause does not refer back to the present charge any more than the “separate sentence” requirement does.
¶ 37. A thorough review of our habitual-offender cases shows that all that is required is that the prior charges be separate and distinct from each other. There has never been a separate requirement that the present charge be separate from the priors. In Riddle v. State, 413 So.2d 737, 738 (Miss.1982), the defendant was separately charged with the kidnapping and rape of an eight-year-old girl and the burglary of her home. The cases were consolidated and the defendant was convicted on all three charges. Id. Although the opinion is unclear on the particulars, the trial judge used two of the three convictions to sentence the defendant as a habitual offender on the third. Id. at 738. No matter which charge anyone selects as the “present” charge, the other two “priors” arose out of a single incident. Id. The defendant twice previously had been convicted of felonies in separate charges and sentenced to more than one year on each, but any of the two priors arose from the same incident, thus the defendant could not be sentenced as a habitual offender.
¶ 38. The defendant need only have two prior convictions at the time of his present trial; there is no requirement that the present offense have been committed after the prior conviction. Crawley v. State, 423 So.2d 128, 128-29 (Miss.1982). The defendant was presently charged with burglary. Id. at 128. He had two prior convictions of burglary. Id. at 129. The Court determined he was properly sentenced as a habitual offender because “[a]t the time he was sentenced in the case sub judice, he had been twice previously convicted of burglary and sentenced to terms of more than one year for each conviction.” Id. Even though one of the priors occurred on the same day as the present charge, the two priors were separately brought and arose out of separate incidents which occurred at different times. Id.
¶ 39. “It is clear the statutory phrase ‘at different times’ refers, albeit redundantly, to the incidents giving rise to the previous charges, and not to the date of conviction.” Rushing v. State, 461 So.2d 710, 713 (Miss.1984) (emphasis added). The defendant was presently charged with burglary and had two prior convictions of burglary. Id. Though the defendant was convicted on the same day for the two priors, they occurred on different days and were separate incidents, so his habitual-offender sentence for the present charge was proper. Id.
¶ 40. Similarly, a defendant was previously convicted on two separate charges of uttering a forgery — she passed two separate checks on two separate consecutive days — but claimed they should have been considered the same incident for habitual-sentencing purposes. McCullum v. State, 487 So.2d 1335, 1336 (Miss.1986). The Court determined the defendant’s prior felonies were separately brought charges, occurring at different times, and were separate incidents because they occurred a day apart, even if the checks were stolen from the same victim. Id. at 1339. In interpreting the statute, the court stated:
The statute provides that one convicted of a felony may be sentenced as a recidivist upon proof that he or she has been “convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times.”
Id. ■ The Court’s emphasis on the quoted language further emphasizes that the “sep *1194 arate incidents” language refers only to the priors and-not to the present charge.
¶ 41. A defendant presently charged with uttering a forgery had two prior convictions of burglary. Burt v. State, 493 So.2d 1325, 1329 (Miss.1986). He claimed his two prior burglaries — where he burgled two homes on the same day on the same mailing route — were not separate incidents. Id. The prior burglaries were separately charged, happened at different times (the defendant could not have been at both homes at the same time), resulted in separate convictions and sentences, and involved two victims. Id. “It was not necessary for the state to prove anything more.” Id. Though both prior charges occurred on the same day, they arose out of separate incidents occurring at different times. Id. at 1330. Further, the court focused on there being two separate crimes in this case, not three. Id. at 1329. See also Buckley v. State, 511 So.2d 1354, 1359 (Miss.1987) (finding defendant’s prior convictions of robbery and possession of stolen credit cards sufficiently separate, as they arose from incidents occurring two weeks apart, notwithstanding the defendant’s testimony that the cards belonged to the person who was robbed). The Court once again emphasized, “Section 99-19-81 requires that, for enhancement of punishment, the two prior felonies must have arisen ‘out of separate incidents at different times.’ ” Id. (emphasis added).
¶ 42. In holding that concurrent sentences qualify as “separate terms,” the Court found a defendant who had been sentenced to concurrent seven-year sentences for his three prior felonies qualified as a habitual offender for sentencing purposes. Jackson v. State, 518 So.2d 1219, 1219-20 (Miss.1988). Although two of the priors occurred on the same day, they all arose out of separate incidents, at different times, and were separately charged. Id. The statute “requires simply sentencing to separate terms, specifically omitting the requirement that they must be served separately, or that they must be served at all.” Id. at 1220.
¶ 43. Allen Nicolaou killed a fellow inmate while in prison for two counts of murder, one count of armed robbery, and two counts of kidnapping. Nicolaou v. State, 534 So.2d 168, 169-70 (Miss.1988). He argued all his priors were one continuous incident and that he should not be sentenced as a habitual offender. Id. at 173. “In order to impose a sentence under [Section 99-19-81], the proof must show the defendant had been previously convicted twice for felonies ‘upon charges separately brought and arising out of separate incidents at different times.’ ” Id. (emphasis added). The robbery and the kidnappings took place after, and were apart and separate from, the murders. Id. Nicolaou murdered two men, took one of their ears and robbed a convenience store, and then kidnapped two women. Id. Though all the crimes took place on the same day, they were separately charged felonies, occurred at different times and places, and “clearly were two separate ‘incidents.’ ” Id.
¶ 44. The Court was then asked to reexamine Burt in determining how much time must elapse before two prior burglary convictions may qualify as “separate incidents” in order to sentence the defendant as a habitual offender for his present charge of another burglary. Pittman v. State, 570 So.2d 1205, 1205 (Miss.1990). The Court determined his burglaries of two adjacent schools — sharing a common fence, walkway, cafeteria, and auditorium — on the same day were sufficiently separate incidents. Id. at 1207. Pittman had two prior convictions of burglary, which were separately brought felony charges, and they were separate incidents because they occurred at different times. *1195 Id. at 1206. “Separateness and difference in time seem central to our search for meaning. Place is important only in that one cannot be two places at once; it takes time to go from one place to another.” Id. In interpreting the statute concerning the requirements of the prior convictions, the Pittman Court emphasized:
All we are told is that the prior offenses must have arisen out of “separate incidents at different times,” and we must take the legislative language as we have been given it, not as we wish it were. It is well to reflect that, subject only to constitutional limitations, the legislative branch of government holds the exclusive power to provide punishments for crimes.
Id. (emphasis added). Pittman ’s language quoted in the Majority Opinion, Part One, paragraph eleven, (that Riddle’s prior offenses “arose out of a common temporal nucleus of operative fact and did not qualify as separate incidents at different times”) applies only in a Riddle-type situation, as thoroughly discussed in paragraph thirty-seven, supra.
¶ 45. The Court of Appeals then applied Pittman when it was asked to decide if prior convictions of aggravated assault and burglary that occurred within minutes of each other were sufficiently separate incidents to sentence the defendant as a habitual offender for his present robbery charge. Davis v. State, 850 So.2d 176, 179 (Miss.Ct.App.2003). Davis burgled a home and stole a gun. Id. A neighbor gave chase, and Davis fired the stolen gun into the air (aggravated assault). Id. Davis had completed the robbery — he was “out of the home” and “down the road” — when he committed the aggravated assault, and the owner of the home and the neighbor were completely different victims. Id. The court found the two priors sufficiently separate from each other because the “aggravated assault at some point later in time and location has nothing to do with the burglary of a dwelling” and upheld Davis’s conviction as a habitual offender. Id.
¶ 46. This Court’s most recent case interpreting Section 99-19-81 is Garrison v. State, 950 So.2d 990 (Miss.2006). Garrison was presently charged with failing to register as a sex-offender, and he had prior convictions of rape, two armed robberies, and forgery in both state and federal court. Id. at 992, 995. The Court held the requirements of the statute were met when the state proved Garrison had prior convictions in both state and federal court for uttering a forgery, that he had concurrent sentences imposed, and that he was incarcerated in federal and state penitentiaries for more than one year. Id. at 995. “Further, the rape and robberies constituted separate felonies pursuant to [the habitual-offender statute], and Garrison served more than one year on each. There were two separate victims and two types of criminal intent were necessary to carry out these crimes.” Id.
¶ 47. More recently, the Court of Appeals decided a case on facts substantially similar to Riddle. A defendant was presently charged with manslaughter[15] and had two prior convictions — burglary and theft by taking. Bergeron v. State, 60 So.3d 212, 213-14 (Miss.Ct.App.2011). The prior convictions were brought in a single charge, and both crimes were committed on the same evening when the defendant broke into a car dealership, stole a set of car keys, and drove off with the *1196 corresponding vehicle. Id. at 214. In determining whether the two prior felonies satisfied the statutory requirements, the Court held they failed on two counts — the prior charges were brought as a single action, although the statute requires they be separately brought, and they arose out of the same incident rather than being separate incidents at different times. Id. at 216.
¶ 48. Every case focuses on an analysis of the prior convictions. At the time of Drummer’s present charge and conviction of grand larceny, he had two prior felony convictions: felony flight in 2009 and unlawful taking of a motor vehicle in 2005. No one suggests that these two convictions are related to each other, but analyzing them under the statutory requirements reveals they are not. They were separately brought felonies. They occurred at different times and in different locations: the flight in Webster County and the felony taking in DeSoto County. They occurred prior to Drummer’s felony conviction, and each resulted in a prison term of at least one year. As the Burt court found, “It was not necessary for the state to prove anything more.” Burt, 493 So.2d at 1329. Although the prior felony fleeing occurred on the same day as the present grand larceny, it was separately brought and arose out of a separate incident from the other prior conviction of felony taking. The requirements of the statute were met. Following the rules of statutory interpretation, Drummer’s sentence as a habitual offender was proper.
¶ 49. Thus, as Justice Coleman, I cannot join Part I of today’s majority opinion. “This Court must be vigilant in its duty to strictly comply with the recidivism statutes enacted by the Legislature.” Garrison, 950 So.2d at 994. The plain language of Section 99-19-81 requires the trial court to impose the maximum sentence upon a finding that the defendant had twice previously been convicted of separate and distinct felonies for which he was separately sentenced to terms of one year or more. Finding the requirements of the statute met, the judge had no discretion. The trial court’s sentence of Vance Drummer as a habitual offender, and the Court of Appeals’ affirmance of that sentence should be affirmed.
DICKINSON, P.J., PIERCE and COLEMAN, JJ., JOIN THIS OPINION.

. When engaging in statutory interpretation, this Court’s duty is “to neither broaden nor restrict the legislative act.” Miss. Dep't of Transp. v. Allred, 928 So.2d 152, 156 (Miss.2006). Additionally, “courts cannot restrict or enlarge the meaning of an unambiguous statute.” Green v. Cleary Water, Sewer & Fire Dist., 910 So.2d 1022, 1027 (Miss.2005).

. See White Cypress Lakes Dev. Corp. v. Hertz, 541 So.2d 1031, 1035 (Miss.1989) (“It would strain credulity as well as the grammatical rules of the English language to reach the result sought by the development company.”).

. The defendant initially was charged with murder, but he was found guilty of the lesser-included offense of manslaughter. He was being sentenced (the "present charge”) on the manslaughter .conviction as a habitual offender. Bergeron v. State, 60 So.3d 212, 213-14 (Miss.Ct.App.2011).