# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01251-COA

JOHN E. JONES A/K/A JOHNNY JONES            APPELLANT

v.

STATE OF MISSISSIPPI            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/2019 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN E. JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/06/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. On September 1, 1988, John Jones entered a guilty plea to capital murder before the Tunica County Circuit Court. Because Jones was indicted and convicted as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 1988), the circuit court sentenced him to serve life in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. His habitual-offender status was supported by two 1987 convictions: one for grand larceny and one for burglary of an automobile. For each of the predicate offenses, Jones was sentenced to serve five years, with three years suspended.

¶2. When Jones entered his guilty plea in 1988, section 99-19-81 provided:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges *separately brought and arising out of separate incidents at different times* and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Supp. 1988) (emphasis added). More than thirty years after entering his capital-murder guilty plea, Jones filed a motion for post-conviction relief (PCR) with the circuit court on May 20, 2019, asserting that "his fundamental right to be free from an illegal sentence was violated when the State failed to present sufficient evidence that [his] prior convictions arose from separate incidents at different times." In support of his claim, Jones alleged the following facts regarding the prior offenses in his PCR motion:

Me and Frederick Milan saw a parked Camaro that had a stereo system in it and agree to take [the stereo]. Before I broke into the Camaro, we looked for another vehicle to haul the equipment away, in which we located an Oldsmobile. I had a flat-head screwdriver and gave it to [Milan] to take the Oldsmobile. Before Milan would break into the Oldsmobile[,] I would get the stereo system out of the Camaro while he got the Oldsmobile. While I was trying to remove the stereo, I heard a police siren[;] so I jumped out of the Camaro and ran back up the street to the location where I left [Milan] and the Oldsmobile, but [Milan] had already left and had taken the Oldsmobile. As I was walking back home[, Milan] pulled up along side of me with the Oldsmobile stopped. I got in and he pulls off.

Thus, Jones's contention was that the theft of the Oldsmobile was a continuation of the burglary of the stereo.

¶3. On July 8, 2019, the circuit court denied Jones's PCR motion. While acknowledging that Mississippi law "remains unclear as to when predicate offenses are sufficiently separate to qualify for habitual sentencing," the court determined that prior offenses "arising out of

2

incidents occurring on the same day may nevertheless be 'separate incidents at different times' when the scenario involves a violent crime such as murder." The court further concluded that "there was no error made in sentencing [Jones] as a habitual offender" because "he pled guilty to all offenses in question." Jones appeals the court's ruling.

## STANDARD OF REVIEW

¶4. "[A] circuit court may summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Bradley v. State*, 224 So. 3d 1267, 1270 (¶2) (Miss. Ct. App. 2017) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). In order for his appeal to be successful, "the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive." *Id.* (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)). We will reverse a circuit court's denial of a PCR motion "only when we find the decision 'clearly erroneous.'" *Owens v. State*, 281 So. 3d 863, 866 (¶6) (Miss. Ct. App. 2019) (citing *Duncan v. State*, 226 So. 3d 127, 129 (¶7) (Miss. Ct. App. 2017)). However, issues of law are reviewed de novo. *Id.* (citing *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016)).

## DISCUSSION

¶5. As the circuit court noted in its order, Jones's PCR motion was not filed within the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Jones's contention, however, is

that the State's failure to prove beyond a reasonable doubt that his prior convictions "arose from separate incidents at different times" subjected him to an illegal sentence as a habitual offender under section 99-19-81. The Mississippi Supreme Court has recognized that a claim of an illegal sentence is an exception to the procedural bar imposed by the UPCCRA's statute of limitations. *Foster v. State*, 148 So. 3d 1012, 1016 (¶12) (Miss. 2014). Therefore, we will address the merits of Jones's claim.

¶6.    Jones's capital-murder indictment stated that he was convicted on July 20, 1987, of two separate charges brought under two cause numbers: cause number 7191 for grand larceny and cause number 7193 for burglary of an automobile.[1]  Jones was sentenced to five years, with three years suspended, for each conviction. As the circuit court noted, the State "proffered the indictments and sentencing orders as evidence of said convictions" at the guilty-plea hearing. Neither Jones nor his counsel objected to this evidence. The Mississippi Supreme Court has held that an accused's "failure to object to habitual-offender sentencing operates as a procedural bar to the issue on appeal." *Perry v. State*, 233 So. 3d 750, 760 (¶25) (Miss. 2017) (citing *Cummings v. State*, 465 So. 2d 993, 995 (Miss. 1985)). "However, when a defendant's substantive or fundamental rights are affected, [our appellate courts] will review [the] issue for plain error, that is, an error that is plain, clear, or obvious and prejudiced the outcome." *Id.* (citing *Grayer v. State*, 120 So. 3d 964, 969 (¶15) (Miss. 2013)).

¶7.    Both prior offenses occurred on the same date—May 26, 1987. Our supreme court

---

[1] The record indicates that Jones and Milan were co-indicted for grand larceny. Only Jones was indicted for burglary of an automobile.

has recognized:

> The statutory text [of section 99-19-81] propounds a temporal quality that predominates. Separateness and difference in time seem central to our search for meaning. Place is important only in that one cannot be two places at once; it takes time to go from one place to another. Our problem is that the text does not tell us how distant in time the prior criminal acts must be. . . .

> [B]efore such behavior should be labeled habitual, it would seem that the events should be sufficiently separate that the offender's criminal passions may have cooled so that he has time to reflect, and if after such an interval the individual forms and actualizes a new criminal design, and then does so a third time, he should be met with all of the power of the public force. Conversely, two offenses committed in rapid succession do not suggest the same repetitiveness of criminal design such that the offender may be thought predictably habitual thereafter, or deserving of severe sanction.

*Pittman v. State*, 570 So. 2d 1205, 1206 (Miss. 1990). However, the supreme court acknowledged there have been occasions where prior offenses "arising out of incidents occurring on the same date may nevertheless be 'separate incidents at different times' within [s]ection 99-19-81." *Id*. at 1207. Like the present case, *Pittman* addressed whether a defendant's prior convictions of burglary and grand larceny, which were committed on the same day, constituted "separate and distinct" offenses under section 99-19-81. *Id*. at 1205. The defendant had broken into two schools, which were connected by a walkway and had shared common areas, and stolen televisions from one of the schools. *Id*. The *Pittman* Court concluded:

> The record before us . . . reflects that the Dotson Elementary School and the Wilson Elementary School are separate schools, notwithstanding their proximity and common use of the auditorium and cafeteria. Even if on February 13, 1987, Bobby Ray Pittman burglarized the Dotson School and then stole the color television sets from the Wilson School, as quickly as one could physically accomplish these acts, one after the other, we would be obliged to hold these "separate incidents at different times."

5

*Id.* at 1207; *see also Burt v. State*, 493 So. 2d 1325, 1330 (Miss. 1986) (finding that although both of the appellant's convictions for burglary of a dwelling "occurred on the same day, they arose out of a separate incident occurring at different times" under section 99-19-81).

¶8. In *Davis v. State*, 850 So. 2d 176, 180 (¶17) (Miss. Ct. App. 2003), this Court also upheld a court's finding that a defendant's prior convictions of aggravated assault and burglary, which occurred within minutes of each other, were sufficiently separate incidents to sentence the defendant as a habitual offender. Davis had committed the crime of burglary of a dwelling, and stealing a gun; upon his leaving the dwelling, a neighbor gave chase, which resulted in the subsequent aggravated assault. *Id.* at 179 (¶¶13, 15). Noting that the "aggravated assault at some point later in time and location ha[d] nothing to do with the burglary of a dwelling," we found the two prior offenses sufficiently separate from each other. *Id.* at 180 (¶15).

¶9. More recently, the supreme court considered this issue in *Cook v. State*, 161 So. 3d 1057, 1069 (¶34) (Miss. 2015). Cook asserted that "because the two crimes for which [he] previously was sentenced 'happened on or about the same date . . . , they happened at the same time'" and constituted "one incident." *Id.* As here, the two prior convictions for grand larceny in *Cook* were brought under two separate indictments and cause numbers. *Id.* at (¶36). The supreme court concluded:

> It is clear from the record that . . . Cook's prior grand-larceny convictions qualify under the statutory language as "separate incidents at different times" which resulted in "charges separately brought." Although the crimes occurred on the same day, Cook had been charged in two separate indictments for stealing four-wheelers from two different persons in different locations, for which he was prosecuted and convicted[.]

6

*Id*. at 1070 (¶38).

¶10.    Based on these cases, we find no clear error in the circuit court's determination that Jones's predicate offenses were sufficiently "separate incidents at different times" under section 99-19-81. According to the facts as stated in his PCR motion, Jones sent Milan off to steal the Oldsmobile (aided by the screwdriver Jones had provided), and Jones went to another location down the street to commit the separate crime of burglary of a vehicle.[2] Thus, although the two offenses may have occurred within minutes of each other, as the State asserts, the two offenses "each involved its own individual intent, . . . breaking into a Camaro with an intent to steal and theft of an Oldsmobile with an intent to permanently deprive." We further presume, as in *Davis*, that the offenses involved different victims, although it is not noted in the record who owned the vehicles in question.

¶11.    Accordingly, finding Jones's sentencing as a habitual offender did not constitute plain error, we affirm the circuit court's denial of Jones's PCR motion.

¶12.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[2] Jones claims for the first time on appeal that after hearing the sirens, the theft of the Oldsmobile "was committed fleeing law enforcement officers, thus arising from a common nucleus of operative facts." This assertion is contradicted by the facts in Jones's PCR motion and, thus, will not be considered on appeal. *See Edwards v. State*, 995 So. 2d 824, 826 (¶9) (Miss. Ct. App. 2008) (holding that only assertions presented to the trial court in the defendant's PCR motion will be considered on appeal).