# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00788-COA

**STATE OF MISSISSIPPI**                                                                 **APPELLANT**

**v.**

**N.J.**                                                                                                  **APPELLEE**

DATE OF JUDGMENT:                    10/06/2021
TRIAL JUDGE:                                HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:   PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CHRISTINA HOPSON HOLCOMB
ATTORNEY FOR APPELLEE:            DARLA Y. MANNERY-PALMER
NATURE OF THE CASE:                  CIVIL - OTHER
DISPOSITION:                              REVERSED AND REMANDED - 10/24/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     In March 1996, N.J. pleaded guilty to possession of a controlled substance (cocaine) with intent to sell or deliver relating to an incident occurring in July 1995. In February 2000, N.J. pleaded guilty to the sale of cocaine relating to an incident occurring in May 1998.

¶2.     In August 2021, N.J. filed a motion in the Pearl River County Circuit Court seeking to expunge both felony convictions. The circuit court granted N.J.'s motion, finding that the two convictions "arose from a common nucleus of operative facts" and therefore could be expunged as only one felony expunction pursuant to Mississippi Code Annotated section 99-19-71(2)(a) (Rev. 2020). The State appeals, asserting that the circuit court abused its discretion in making its commonality determination. We agree.

¶3.     For the reasons addressed below, we find that the circuit court abused its discretion

in determining that N.J.'s two felony convictions arose from a common nucleus of operative facts pursuant to section 99-19-71(2)(a). We therefore reverse the circuit court's expungement order and remand this case for the circuit court to determine which felony conviction to expunge.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶4. In August 1995, N.J. was indicted for the sale of a controlled substance in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 1995). As set forth in the indictment, N.J. sold cocaine, a Schedule II controlled substance, for twenty dollars to a police officer with the Picayune Police Department on or about July 2, 1995. N.J. pleaded guilty on March 21, 1996, for possession of a controlled substance with intent to sell or deliver it after the district attorney amended the charge from the sale of a controlled substance to possession (Cause No. 55:93-CR-8268-PH (Legacy Cause No. 8268-2)).

¶5. The circuit court sentenced N.J. to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) and ordered N.J. to participate in the Regimented Inmate Discipline (RID) program.[1] Upon completion of the RID program, N.J. was to be placed on supervised probation for five years. N.J. was released from the RID program in November 1996 and placed on five years of probation.

---

[1] "The RID program allow[ed] offenders to earn early release after a brief period of confinement." *Gatlin v. State*, 18 So. 3d 290, 293 (¶16) (Miss. Ct. App. 2009). This program was discontinued, effective January 1, 2017. Miss. Code Ann. § 47-5-110.2 (Rev. 2015); *see Cook v. State*, 301 So. 3d 766, 769 n.1 (Miss. Ct. App. 2020).

¶6.     In August 1998, N.J. was indicted for selling cocaine within 1,500 feet of a church in violation of Mississippi Code Annotated section 41-29-142(1) (Rev. 1993). The indictment provides that N.J. sold cocaine for twenty dollars to a deputy with the Pearl River County Sheriff's Department on or about May 11, 1998. On February 29, 2000, N.J. pleaded guilty to the sale of a controlled substance (Cause No. 55:98-CR-329-PH (Legacy Cause No. 98-K-329E)).

¶7.     N.J.'s probation on his first conviction was revoked when he was charged with the second felony. The record indicates that in Case No. 98-K-329E, N.J.'s probation was revoked in Cause No. 8268-2, and for the second conviction, N.J. was sentenced to thirty years in MDOC's custody, with fifteen years to serve and fifteen years suspended pending completion of post-release supervision. This sentence was ordered to run concurrently with the sentence in Cause No. 8268-2.

¶8.     The record contains a letter dated November 9, 2000, from Circuit Court Judge R. I. Prichard III to N.J. in which Judge Prichard explained to N.J. that the intention of the sentencing orders was to have N.J.'s sentence in Cause No. 8268-2 to run concurrently with his sentence in Cause No. 98-K-329E. The letter provided:

> Th[e] sentence [in Cause No. 98-K-329E] ran concurrent with the sentence in [Cause No.] 8268-2, which means that with both sentences you had fifteen . . . years to serve. You were revoked after picking up the second charge . . . and since the second charge ran concurrent with the first charge, you still have fifteen . . . years to serve as set out in your Order of Conviction and Sentence in Cause No. 98-K-329E.
>
> You were not sentenced in [Cause] No. 8268-2 to the five . . . years probation,

3

you were sentenced to ten . . . years, and then were placed on probation for five . . . years, after completing the RID program.  However, this ten . . . years r[a]n concurrent with the fifteen . . . years in [Cause] No. [98-K-329E], so instead of having twenty-five years to serve, you still just have the fifteen . . . to serve.

¶9.    N.J. completed his sentences on May 16, 2011.

¶10.    In August 2021, N.J. filed a motion seeking to expunge both of his convictions pursuant to section 99-19-71(2)(a), which allows for a felony expunction of multiple convictions if the convictions "arose from a common nucleus of operative facts as determined in the discretion of the court."  Miss. Code Ann. § 99-19-71(2)(a).

¶11.    The State opposed N.J.'s motion, asserting that only one of the convictions qualified for expungement under section 99-19-71(2)(a) because the convictions were based on separate and distinct actions at different times.  The State argued that they were two separate convictions that were not based on a common nucleus of operative facts.

¶12.    After conducting an evidentiary hearing on October 4, 2021, the circuit court granted N.J.'s motion, and its "Order to Expunge Records" was entered on October 6, 2021.  The circuit court found that (1) N.J. had successfully completed all the terms and conditions of his sentences and that more than five years had passed since N.J.'s May 16, 2011 probation completion date; (2) the two charges qualified as one felony expunction and retained sufficient commonality to satisfy the common nucleus of operative facts requirement, as determined in the court's discretion; and (3) N.J. had demonstrated significant rehabilitation in accordance with section 99-19-71(2)(b).  Further details of the circuit court's analysis with respect to the commonality requirement are addressed below.

4

¶13. The State filed a motion for reconsideration, asserting that the circuit court's commonality finding and application was an abuse of the circuit court's discretion. The circuit court denied the State's motion, ruling as follows:

> [I]n light of there being found no case on point as to what constitutes "a common nucleus of operative facts [in the expungement context]," the court is not sufficiently persuaded by the State's motion to reverse [the court's] discretionary finding, that the two subject crimes were sufficiently close enough to one another in time and in nature, and therefore eligible for expunction under Mississippi Code Annotated [section] 99-19-71(2)(a).

¶14. The State appeals.

## STANDARD OF REVIEW

¶15. "Because expungement is statutory in nature, this Court employs a de novo standard of review." *Mack v. State*, 355 So. 3d 790, 794 (¶20) (Miss. Ct. App. 2023) (internal quotation marks omitted). Under section 99-19-71(2)(a), "[a] person is eligible for only one . . . felony expunction." "In undergoing our de novo review, we also bear in mind that 'expungement is an act of legislative grace, and no common law right to expungement of criminal records exists.'" *Mack*, 355 So. 3d at 794 (¶20) (quoting *Watson v. State*, 329 So. 3d 1215, 1217 (¶5) (Miss. Ct. App. 2021)).

¶16. The statute, however, does allow for the expungement of multiple convictions that meet a commonality requirement, as follows: "For the purposes of this section, the terms 'one (1) conviction' and 'one (1) felony expunction' mean and include all convictions that arose from a common nucleus of operative facts *as determined in the discretion of the court*." Miss. Code Ann. § 99-19-71(2)(a) (emphasis added). Thus, we review the circuit court's

5

factual findings relating to whether the two convictions at issue here "arose from a common nucleus of operative facts" for an abuse of that discretion. *Id.* Under this standard, reversal of the circuit court's ruling is warranted "if we find it to be arbitrary and clearly erroneous." *Parvin v. State*, 113 So. 3d 1243, 1247 (¶12) (Miss. 2013) (internal quotation mark omitted).

**DISCUSSION**

¶17. The State asserts that the circuit court abused its discretion in determining that N.J.'s two felony convictions arose from a common nucleus of operative facts pursuant to section 99-19-71(2)(a). The State argues the cocaine sales underlying the convictions were nearly three years apart and were made to a Picayune police officer in one instance and a Pearl River County deputy sheriff in the other instance. We agree that for these reasons and others, it was an abuse of discretion to find that the section 99-19-71(2)(a) commonality requirement was met in this case.

¶18. The circuit court expunged N.J.'s two felony convictions pursuant to section 99-19-71(2)(a), which provides in relevant part:

> Except as otherwise provided in this subsection, a person who has been convicted of a felony and who has paid all criminal fines and costs of court imposed in the sentence of conviction may petition the court in which the conviction was had for an order to expunge one (1) conviction from all public records five (5) years after the successful completion of all terms and conditions of the sentence for the conviction upon a hearing as determined in the discretion of the court . . . .

> A person is eligible for only one (1) felony expunction under this paragraph. For the purposes of this section, the terms "one (1) conviction" and "one (1) felony expunction" mean and include all convictions that arose from a common nucleus of operative facts as determined in the discretion of the court.

6

¶19. The State acknowledges that no Mississippi caselaw addresses whether two or more convictions "arose from a common nucleus of operative facts" under section 99-19-71(2)(a). The State asserts, however, that cases in which courts have applied the habitual offender punishment-enhancement statutes are analogous. *See, e.g.*, Miss. Code Ann. §§ 99-19-81 & -83 (Rev. 2020).[2] Upon review, we do not find these cases instructive.

¶20. In habitual offender cases, the trial court must consider whether "a habitual offender's prior felonies [constitute] . . . 'separate incidents' occurring at 'different times'" before enhancing the defendant's punishment under a habitual offender statute. *Crump v. State*, 288 So. 3d 364, 370 (¶15) (Miss. Ct. App. 2019) (citing Miss. Code Ann. § 99-19-81). "The purpose of habitual offender acts is to punish [the defendant] not only for the immediate offense, but to also punish for a pattern of criminal conduct." *Berry v. State*, 907 So. 2d 1011, 1013 (¶10) (Miss. Ct. App. 2005). They are designed to prevent recidivism. *Otis v. State*, 853 So. 2d 856, 861 (¶13) (Miss. Ct. App. 2003).

¶21. In contrast, "the purpose of the expungement statutes is to promote rehabilitation and allow rehabilitated persons to move on with their lives." *Johnson v. State*, 333 So. 3d 116, 120 (¶10) (Miss. Ct. App. 2022). Thus, the purposes of the two statutory schemes (habitual offender punishment enhancement v. expungement) are diametrically opposed. Because a

---

[2] Sections 99-19-81 and 99-19-83 provide for punishment enhancement if the offender "shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times" under certain stated conditions. *See* Miss. Code Ann. §§ 99-19-81 & -83.

court must apply a statute with its legislative purpose in mind, *see, e.g.*, *Evans v. Boyle Flying Serv. Inc.*, 680 So. 2d 821, 825 (Miss. 1996), we do not find that the habitual offender cases offer appropriate guidance in a court's commonality analysis under section 99-19-71(2)(a). *Id.* ("In construing a statute to give effect to the intent or purpose of the legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, effect its purpose . . . ." (internal quotation marks omitted) (quoting *Thornhill v. Ford*, 213 Miss. 49, 65, 56 So. 2d 23, 30 (1952))).

¶22. Additionally, the language used by the Legislature for the two statutory schemes is markedly different. With respect to the habitual offender statutes, the court must determine whether the crimes at issue are sufficiently *separate* to warrant punishment enhancement. In this analysis, as the supreme court recognized in *Pittman v. State*, 570 So. 2d 1205 (Miss. 1990), "[t]he statutory text propounds a *temporal quality that predominates*." *Id.* at 1206 (emphasis added). In contrast, when applying the commonality requirement under section 99-19-71(2)(a), the court must determine whether multiple convictions are sufficiently *similar* so as to allow expunction. Section 99-19-71(2)(a) does not contain any reference to timing or temporal proximity. For this additional reason, we do not find that the habitual offender cases are analogous to the situation here.

¶23. The State also asserts that the factors set forth in Mississippi Rule of Criminal Procedure 14.2 provide relevant guidance in addressing the commonality requirement under section 99-19-71(2)(a). Rule 14.2 governs the requirements for multi-count indictments for

8

purposes of trying the counts in the same proceeding; namely, the offenses must be "triable in the same court" and be "based on the same act or transaction; or . . . connected with or constitute parts of a common scheme or plan." MRCrP 14.2. These are certainly valid considerations if a defendant were to be tried for multiple charges in the same proceeding, *see* Miss. Code Ann. § 99-7-2 (Rev. 2020), but that consideration is not at issue in the expungement context. Thus, while the "same act or transaction" or "common scheme or plan" language in Rule 14.2 provides some guidance to assist the circuit court in assessing whether multiple convictions "ar[i]se from a common nucleus of operative facts" under section 99-19-71(2)(a), we do not find the cases interpreting that language under Rule 14.2 particularly helpful.

¶24. To summarize, we find that the circuit court had little, if any, guidance from the Mississippi appellate courts on what factors to assess in making its commonality determination pursuant to section 99-19-71(2)(a). This Court has, however, addressed the process the circuit court must undertake in making this determination. In *Rogers v. State*, 364 So. 3d 784 (Miss. Ct. App. 2021), the defendant sought to expunge two check-forgery convictions occurring in the same year. *Id.* at 785 (¶¶1-2). The circuit court's order granting expungement addressed only one conviction. *Id.* at (¶2). This Court vacated that order and remanded the case for the circuit court "to conduct an evidentiary hearing and make factual findings as to whether [the defendant's] forgery convictions 'arose from a common nucleus of operative facts.'" *Id.* at (¶5). We stated that on remand, "[i]f the circuit court determines

9

that is the case, the circuit court has the discretion to expunge both of [the defendant's] convictions pursuant to section 99-19-71." *Id.*

¶25.    In accordance with *Rogers*, the circuit court in this case considered the "common nucleus of operative facts" requirement at N.J.'s October 4, 2021 expungement hearing.  In addressing this issue, the circuit court judge stated that he had read Judge Prichard's November 9, 2000 letter and understood from that letter that the sentences for both convictions were to be served concurrently.  He also observed that "the spirit of the [November 9] letter indicated that [Judge Prichard] intended to consolidate them [(the two convictions)]."  The circuit court judge acknowledged that "[w]hat troubled me was the three-year difference [between the events resulting in the two charges, but] I think . . . the letter of November 9 [from Judge Prichard] clarifies that."

¶26.    During the hearing, the circuit court judge questioned N.J. about his life circumstances.  N.J. testified that he was forty-four years old, still married to his high school sweetheart, and had four children.  He was employed as a crane superintendent, and his eldest son, who was twenty-seven at the time of the hearing, worked with him in that field.  N.J. testified that he pays his taxes, and, since his release, he has had no violations other than a traffic stop for a broken tail light.

¶27.    With respect to the applicable law, the circuit court judge stated that he was familiar with the "new legislative act," effective July 1, 2019, in which the Legislature revised section 99-19-71(2)(a) to allow the court the discretion to treat multiple convictions as "one

10

conviction" for expungement purposes upon determining that the multiple convictions "arose from a common nucleus of operative facts." The judge noted "that the intent of this last legislative act was for the [circuit court to have] discretion to determine that there was a commonality" and, if so, to allow expungement for both convictions. In finding that both convictions should be expunged in this case, the circuit court judge recognized that three years between the occurrences giving rise to the convictions may be "a stretch," but he also found that the convictions were ultimately consolidated and that the sentences were ordered to be served concurrently.

¶28.   Upon review, we find that the circuit court abused its discretion in finding that the two convictions "arose from a common nucleus of operative facts" so as to constitute "one conviction," as required by section 99-19-71(2)(a).  The circuit court found that the commonality element was satisfied because N.J.'s sentences ultimately were consolidated and ran concurrently.  But, with respect, the *inverse analysis* and *inverse of proof* are necessarily required to show the mandated commonality. There must be some evidence tying the original offenses to a "common nucleus of operative facts." Here, the indictments show that both convictions arose from crimes completed nearly three years apart: one cocaine sale took place in July 1995 and the other in May 1998. The sales were made at different locations to different law enforcement officers who worked for different law enforcement

11

agencies.[3] There was no commonality of a course of law-enforcement investigation or evidence otherwise tying the two separately completed crimes together. Indeed, N.J. committed the second offense over two years after he was convicted of the first offense.[4] The only evidence of commonality was that the offenses N.J. committed were similar. But even then, the offenses had some differing elements and differing maximum punishments, as set forth by statute. *See* Miss. Code Ann. § 41-29-139(a)(1) & (b); Miss. Code Ann. § 41-29-142(1). And there is no evidence of commonality, such as a common drug-sale plan or scheme, or an ongoing series of acts, events, or transactions concerning the two separate offenses.

¶29. On these facts, we find that the subsequent concurrent running of N.J.'s sentences, standing alone, does not make the *offenses for which N.J. was convicted* arise out of a common nucleus of operative facts or provide proof of commonality as to the underlying offenses or convictions. Accordingly, we find that the circuit court abused its discretion in finding that N.J.'s two felony convictions constituted "one conviction" for purposes of allowing one felony expunction pursuant to section 99-19-71(2)(a).

¶30. To be clear, we note that the circuit court also considered the expungement statute's

---

[3] N.J.'s first conviction arose from the sale of cocaine to a police officer with the Picayune Police Department in violation of section 41-29-139(a)(1). N.J. subsequently pleaded guilty to possession of a controlled substance. N.J.'s second conviction arose from the sale of cocaine to a deputy with the Pearl River County Sheriff's Department within 1,500 feet of a church in violation of section 41-29-142(1).

[4] N.J. pleaded guilty to the first offense in March 1996. He committed his second offense in May 1998.

rehabilitative purpose in granting N.J.'s expungement motion. The circuit court judge declined to "penalize [N.J.'s] excellent behavior as to trying to be a productive citizen, when I really think that the spirit of the legislature was to give relief to people who have tried very diligently to conduct themselves as law-abiding citizens." We find no error in a circuit court taking into account the rehabilitative nature of the expungement statute in its *overall* expungement analysis.

¶31. But a statute's commendable purpose does not override its plain language: "[a] person is eligible for only one . . . felony expunction" for "one . . . conviction" under section 99-19-71(2)(a). For multiple convictions to constitute "one conviction," the court is responsible for finding that the convictions arise "from a common nucleus of operative facts as determined in [its] discretion." *Id.* As detailed above, we find that the circuit court abused its discretion in making this determination here. Accordingly, we reverse the circuit court's Order to Expunge Records and remand this case for the circuit court to determine which felony conviction to expunge.

¶32. **REVERSED AND REMANDED.**

**BARNES, C.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

13